Patricia A. Beharry, Controller of Washington County, Pennsylvania, Appellant *v.* Frank R. Mascara, Metro Petrosky, Jr., Edward M. Paluso, County Commissioners and Members of the Salary Board of Washington County, Pennsylvania, Appellees.

Argued September 11, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Frank C. Carroll, Frank C. Carroll, P.C.,* for appellant.

*Melvin B. Bassi, Bassi & Rega, P.C.,* for appellees.

OPINION BY JUDGE MACPHAIL, October 30, 1985:

Patricia A. Beharry, Controller of Washington County (Appellant) appeals here from an order of the Washington County Court of Common Pleas entered with respect to a mandamus action instituted by Appellant to compel the Commissioners of Washington County[1] (Commissioners) who, together with Appellant constitute the Salary Board of Washington Coun-

---

[1] Frank A. Mascara, Metro Petrosky, Jr., and Edward M. Paluso.

ty[2] to fix compensation for her solicitor at not less than $50.00 per hour for litigation and $250 per month for advice and counsel. Commissioners have moved to quash the appeal. By prior order of Court, we directed that that motion would be heard with argument on the merits. We will grant the motion to quash.

A brief review of the procedural history of this case is necessary to an understanding of the result we reach. On the same day Appellant filed her complaint, she also applied to our Supreme Court requesting that Court to assume jurisdiction of the proceedings pursuant to the provisions of Pa. R.A.P. 3309.[3] That Court directed the Court of Common Pleas of Washington County to appoint counsel for Appellant, stayed the mandamus proceedings pending appointment of counsel and denied the application in all other respects.

When counsel had been appointed as directed and after a hearing,[4] the trial judge stated from the bench that he was going to direct the County Commissioners "in their capacity as salary board members" to adopt a resolution permitting the Controller to hire counsel of her own choice. He further stated that the compensation "at the discretion of the salary board" could be at a fixed rate or could be fixed by the judge before whom the Controller had cases pending.

Thereafter, on August 3, 1984 the trial judge filed the following order:

---

[2] Section 1622 of the County Code (Code), Act of August 9, 1955, P.L. 323, 16 P.S. §1622 provides that where there is a county controller, the salary board shall consist of the three county commissioners and the controller.

[3] 42 Pa. C. S. §726 authorizes our Supreme Court to assume plenary jurisdiction of any matter pending in any court at any time.

[4] Pa. R.C.P. No. 1099 provides for a non-jury trial in mandamus actions.

AND NOW, this 3rd day of August 1984, upon consideration of the testimony and evidence presented, the request of the plaintiff, Patricia A. Beharry, Controller of Washington County, Pennsylvania, in her Complaint in Mandamus is granted.

It is hereby ordered that the defendants, Frank A. Mascara, Metro Petrosky, Jr., Edward M. Paluso, County Commissioners and Members of the Salary Board of Washington County, Pennsylvania, within ten days of this order shall adopt an appropriate resolution permitting the plaintiff to retain counsel as Solicitor to the Controller with compensation for said Solicitor to be fixed at the discretion of the defendants at an hourly rate which is a reasonable and standard rate for the general members of the legal community in Washington County or permit the fair and reasonable compensation to be determined by the Judge of the Court of Common Pleas assigned the case in which the plaintiff is a party.

Pursuant to that order, the Commissioners adopted a resolution directing that the judge before whom the Controller was a party should fix the compensation for her counsel. The resolution was adopted by the three Commissioners as Commissioners and not as a salary board.

Appellant then filed a motion for post trial relief which the trial judge treated as exceptions to his order. In his opinion dismissing the exceptions, the trial judge held that 1) since the practice in Washington County was to treat all row office solicitors as independent contractors rather than as employees of the county, it was not necessary for the salary board to fix the compensation of Appellant's solicitor and, 2) since the Commissioners had already budgeted $3,-

000 for Appellant's solicitor, that sum would constitute a "base fee" and that such person would be compensated further under his order with respect to outstanding cases either on an hourly rate fixed by the Commissioners or in such sum as fixed by the judge hearing the cases. The order dismissing the exceptions is dated September 14, 1984.

Appellant again applied to our Supreme Court for extraordinary relief requesting that Court to assume plenary jurisdiction for the purpose of reviewing the orders and opinion of the trial judge. By order of the Supreme Court dated January 11, 1985, the application was denied.

On January 17, 1985, Appellant entered judgment on the trial court's order of September 14, 1984[5] and filed an appeal from the order to this Court on January 21, 1985.

Although we would prefer to address the merits of this appeal because of the importance of the case, we, regrettably, have come to the conclusion that we are precluded from doing so because Appellant's appeal is untimely filed.[6] Pa. R.A.P. 903(a) provides that

---

[5] We note that the Appellant appeals from the *order* of September 14, 1984, not the judgment entered January 17, 1985. We further note that her argument on the timeliness of the appeal is limited to the effect of her application to the Supreme Court for extraordinary relief.

We are of the opinion that the order of September 14, 1984, was a final order for purposes of appeal because it decided the only matter in dispute, therefore, judgment was not required to be entered for the purpose of appeal. *See Shellem v. Springfield School District*, 6 Pa. Commonwealth Ct. 527, 297 A.2d 179 (1972). While Pa. R.C.P. No. 227.4 would seem to authorize the entry of judgment in this case, action taken pursuant to such authority does not in and of itself extend the time for the filing of an appeal.

[6] Commissioners also contend that the appeal should be quashed because they assert that the Supreme Court's denial of Appellant's application for extraordinary relief is conclusive of the rights of the parties. It is clear to us that the Supreme Court's order of

appeals to this Court shall be commenced within thirty days after the entry of the order from which the appeal is taken. The cases are legion which hold that the time restriction is mandatory in the absence of fraud or a breakdown in the court's operation. *Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938); *Szura v. Zoning Hearing Board of Wyoming Borough,* 40 Pa. Commonwealth Ct. 172, 397 A.2d 33 (1979); *Taxpayers of Lackawanna County Appeal,* 37 Pa. Commonwealth Ct. 580, 390 A.2d 1368 (1978) and cases cited therein. It is also clear that the Appellant's failure to timely file an appeal deprives the appellate court of jurisdiction. *Id.*

In the instant case, the order appealed from is the Court of Common Pleas' denial of post trial relief dated September 14, 1984. The appeal to this Court was not filed until January 21, 1985, clearly beyond the thirty days allowed by Rule 903.

Although Appellant does not allege fraud or a breakdown in the Court's operation, she alleges that her appeal is not time barred because the filing of her application for extraordinary relief with the Supreme Court constituted an automatic supersedeas or stay of proceedings. She contends that inasmuch as her appeal was filed within thirty days of that Court's denial of her application, the appeal is timely. We cannot agree.

Subsection (d) of Pa. R.A.P. 3309 states:

(d)  Stays and Supersedeas. Where action is taken under this rule which has the effect of transferring jurisdiction of a matter to the Supreme Court unless otherwise ordered by the Supreme Court such actions shall be deemed

---

January 11, 1985 did nothing more than refuse to take plenary jurisdiction and its order does not preclude the Appellant's appeal to this Court.

the taking of an appeal as of right for the purposes of Chapter 17 (effect of appeals; supersedeas and stays), except that the lower court shall not have the power to grant reconsideration.

We hold that the meaning of the Rule is that where the Supreme Court assumes jurisdiction of a case, that is, where it *grants* an application for extraordinary jurisdiction, such action transfers jurisdiction to that Court. The Supreme Court's grant of such an application is deemed the taking of an appeal as of right for the purposes of Chapter XVII of the Rules of Appellate Procedure.

Thus, if the Supreme Court grants the application for extraordinary jurisdiction, the court in which the case was pending "may no longer proceed further in the matter." Pa. R.A.P. 1701(a). The Court below may, however, take any action authorized by Pa. R.A.P. 1701(b), with the exception that it may not grant reconsideration.

Subsection (d) of Pa. R.A.P. 3309 makes it clear that the mere filing of an application for extraordinary relief does not constitute an automatic stay of proceedings. Only when the Supreme Court grants the application is jurisdiction transferred to that Court. The mere filing of the application for extraordinary jurisdiction, therefore, does not toll the time to appeal to this Court from the trial court's order of September 14, 1984.

Appellant's proper course of action should have been to file the appeal with this Court concurrent with her application to the Supreme Court. She says she did not do so in an effort to avoid expense to the county and burden to the courts. While the motive is praiseworthy, unfortunately it cannot excuse a late appeal under prevailing law.

Because the failure to timely file an appeal deprives an appellate court of jurisdiction, we are compelled to grant the Commissioners' motion to quash.

ORDER

The motion of the County Commissioners' of Washington County to quash the appeal is granted. The appeal is dismissed.