539 A.2d 961

Thomas Babyak et al. *v.* Zoning Hearing Board of Washington Township, Pennsylvania et al. David Edwards and Ann Edwards, h/w, Appellants.

Argued February 25, 1988, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Timothy D. Charlesworth, Fitzpatrick and Associates,* for appellants.

*James B. Martin, Butz, Hudders, Tallman, Stevens & Johnson,* for appellees.

OPINION BY JUDGE PALLADINO, April 11, 1988:

David and Ann Edwards (Appellants) appeal from an order of the Court of Common Pleas of Lehigh County reversing the decision of Zoning Hearing Board of Washington Township (Board) to grant Appellants' application for a variance to operate an auto repair shop and have a state auto inspection station in an existing garage on their property.

Appellants own approximately 3½ acres of property located in an agricultural-business (AB) district. Appellants live in a residence located on the property. Appellants built a steel pole garage on the property. Shortly after the garage's construction, Appellants filed an application for a variance to use the garage as an auto repair shop and an auto inspection station. The Township zoning officer denied the request. Appellants appealed to the Board.

A public hearing on Appellants' application was held on January 7, 1986. David Edwards testified as to the conditions on his property which he believed would establish the necessary requirements for a variance, found in section 830.4 of the Township's zoning ordinance and patterned on section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968,

P.L. 805, *as amended*, 53 P.S. §10912. A number of neighboring landowners testified in opposition to the application, stating concerns about lowered property values, increased noise and junk.

At the conclusion of the meeting, the Board voted 2-1 to grant the variance subject to three conditions. These conditions were: (1) the hours of business limited to 8 AM to 6 PM; (2) no more than 3 vehicles other than Appellants' own currently licensed vehicle, be kept on the property; and (3) applicable DER regulations must be complied with if any body work or painting is performed. Thomas and Ceseria Babyak and Carl and Dorothy Muthard (Neighbors) appealed the Board's order to the trial court on February 4, 1986.

The trial court took no additional evidence and concluded that the Board erred as a matter of law in determining that Appellants had satisfied the requirement of section 830.4(c) of the Township's zoning ordinance. Section 830.4(c) requires that the conditions of Appellants' property which prevent them from developing it in conformity with the zoning ordinance not be created by Appellants. The trial court decision was handed down on December 11, 1986 and docketed on December 12, 1986.

Appellants *did not* participate before the trial court. On February 5, 1987, Appellants filed a "Petition to Intervene and to Stay Action by Washington Township." In their petition Appellants alleged: (1) the Neighbors advised them that they had discontinued their appeal; (2) Appellants were not provided with a copy of the trial court's decision until January 13, 1987; (3) David Edwards was arrested for violating the zoning ordinance on January 26, 1987; (4) Appellants were not represented by counsel until January 28, 1987; and (5) Appellants seek to intervene for purposes of appealing. In its answer to Appellants' petition, the Board, while not opposing intervention, alleged that: (1) the time for taking

appeal has lapsed; and (2) Appellants were advised verbally of the trial court order prior to January 13, 1987. The trial court granted Appellants permission to intervene on February 11, 1987.[1] Appellants filed a notice of appeal of the trial court's December 11, 1986 order to this court on February 12, 1987.

Before this court, Appellants contend that the trial court exceeded its scope of review by substituting its own decision for that of the Board and that the Board properly granted Appellants' variance request. The Board argues that the trial court is correct and that it did err as a matter of law in granting the variance.[2] Neither the Board nor Appellants mention the timeliness of Appellants' appeal in their briefs. For the reasons which follow we are constrained to quash Appellants' appeal because it was untimely filed.

An appeal from a trial court's order in a zoning case must be filed within 30 days of the entry of the order from which the appeal is taken. 42 Pa. C. S. §5571; Pa. R.A.P. 903(a). The time for appeal may not be enlarged or extended, Pa. R.A.P. 105(b), in the absence of fraud or a breakdown in the court's operation. *Beharry v. Mascara*, 92 Pa. Commonwealth Ct. 484, 499 A.2d 1129 (1985). The trial court's order in this case was entered on December 12, 1986. Appellants' appeal to this court was filed on February 12, 1987, and is, therefore, clearly untimely. While Appellants have not asked that we consider their appeal nunc pro tunc nor offered any reasons in their brief on appeal for why the appeal was untimely, they did allege, in their February 5, 1987 pe-

---

[1] On April 1, 1987, the trial court stayed enforcement of its December 11, 1986 order for six months or until this court rendered its decision, whichever occurred first. Record exhibit R1.

[2] The Neighbors' counsel was granted permission to withdraw from the case by the trial court on April 7, 1987 because the Neighbors' position would be defended by the Board. Record exhibit S1.

tition to the trial court to intervene, reasons for not seeking intervention earlier. Because Appellants sought intervention for the purpose of appealing the trial court's order, we will consider the reasons alleged in the intervention petition as reasons for not filing a timely appeal to this court.

Appellants allege that they were not represented by counsel until January 28, 1987; that the Neighbors had advised them that they had discontinued their appeal; and that they relied on representations of the Board in refraining from intervening. These allegations, under the circumstances of this case, are insufficient to show fraud or breakdown in the legal process.

The record shows that the Board informed Appellants that the grant of their variance request could be appealed to the trial court within 30 days of the time the Board filed its written opinion. The Board warned Appellants that:

[I]f you invest in any equipment and there is an appeal taken and that appeal should be successful, that is that the Court should overrule the Zoning Hearing Board and say that they acted improperly, then you would have to cease operation. So you might want to keep that in mind.

N.T. at 54. The record also shows that notice of the Neighbors' appeal was mailed to Appellants, Record exhibit C-1, and Appellants do not dispute that they received such notice. Appellants had knowledge that the grant of their variance application was being appealed, and they had been informed of the possible consequences of such an appeal. Lack of counsel does not excuse their failure to act and is certainly not a breakdown in the legal process.

Appellants also allege that they were not informed of the trial court's order until after the time for appeal had passed. This also is due to Appellants' failure to act and not to any fraud or breakdown in legal process.

Pa. R.C.P. No. 236 requires that written notice of the trial court's order is to be mailed "to each party who has appeared in the action or to the party's attorney of record." Appellants, while a party before the Board, do not automatically have party status at the trial court level. *Gilchrist v. Zoning Hearing Board of Old Forge Borough*, 83 Pa. Commonwealth Ct. 27, 475 A.2d 1366 (1984). Appellants could have become parties within 30 days of the filing of the Neighbors' appeal by simply filing a notice of intervention with the trial court. Section 1009 of the MPC, 53 P.S. §11009. After that, Appellants, to become parties, had to seek intervention, as they eventually did, pursuant to Pa. R.C.P. No. 2327. *Id.* Appellants received no written notice of the trial court's order because, by their own inaction, they were not parties to the action.

Accordingly, Appellants' appeal is quashed.

### ORDER

AND NOW, April 11, 1988, the appeal of David and Ann Edwards in the above-captioned case is quashed for being untimely filed.