## MANSFIELD HOSPITALITY LIMITED PARTNERSHIP

v.

## BOARD OF ASSESSMENT APPEALS OF TIOGA COUNTY.

**Appeal of TIOGA COUNTY, BOARD OF COMMISSIONERS, William Hall, Walter Barnes and O. Richard Bartlett, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted June 10, 1996.

Decided July 19, 1996.

Edith L. Dowling, for Appellant, Tioga County Board of Assessment.

Anthony R. Thompson, for Appellee, Mansfield Hospitality.

Before DOYLE and FLAHERTY, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

This is an appeal by the Board of Assessment Appeals of Tioga County (Board) from an order of the Court of Common Pleas of Tioga County which granted the request of Mansfield Hospitality Limited Partnership (Mansfield) for attorney fees pursuant to

Section 2503 of the Judicial Code (Code), 42 Pa.C.S. § 2503.

The facts may be summarized as follows. On August 26, 1994, Mansfield filed a statutory assessment appeal under Section 701(b) of the Fourth to Eighth Class County Assessment Law (Law)[1] in which Mansfield requested a hearing to contest its real estate tax assessment for the tax year 1995. The County Chief Assessor for the Board refused to schedule a hearing stating: "Your request for an appeal has been denied due to the form being incomplete." (Board's September 1, 1994 letter to James Nash, the appraiser for Mansfield.) The Tioga County Assessment Appeal Form carried the legend in the upper left hand corner: "all questions must be answered to qualify for a hearing." After failing in its attempts to persuade the Board to accept the appeal and schedule a hearing, Mansfield filed a mandamus action and a motion for peremptory judgment in September of 1994, requesting the Common Pleas Court to order the Board to schedule a hearing on or before October 31, 1994[2] and requesting counsel fees under Section 2503(7) of the Code, 42 Pa.C.S. § 2503(7), for conduct which was egregious, grossly arbitrary and unreasonable.[3]

On September 22, 1994, the trial court entered an order granting the peremptory judgment[4] which required the Board to conduct a hearing before October 31, 1994, but reserved a decision on the issue of counsel fees until a future date. The common pleas court, in granting Mansfield's peremptory judgment, held that the information Mansfield provided on its appeal form conformed to Section 701(b) of the Law, 72 P.S. § 5453.701(b), and was all that was necessary to effectuate a valid appeal.

A hearing was held on November 17, 1994 on the issue of counsel fees and Mansfield was awarded $1,515.00. The amount of attorney fees awarded was to compensate Mansfield for attorney fees incurred for the filing of the mandamus action only, which was calculated to be 20.2 hours of legal work at an hourly rate of $75.00 per hour.[5] **The order was entered on December 2, 1994 and the parties were notified on the same date.** On December 19, 1994, Mansfield filed a praecipe to enter judgment and that day, December 19, 1994, the Prothonotary entered judgment against the Board. The Board filed its Notice of Appeal to this Court on January 20, 1995.

On appeal, the Board argues that the trial court erred in granting attorney fees because Section 2503 of the Judicial Code is inapplicable in a proceeding before the Board, and even if the statute is applicable, the Board's conduct was not, in the language

---

1. Section 701(b) of the Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.701(b).

2. Section 701(c)(6) of the Law, 72 P.S. § 5453.701(c)(6), requires that all assessments appeals be heard no later than the last day of October of the year prior to the tax year in issue.

3. Section 2503 of the Code states in part:

   The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
   . . . .
   (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
   . . . .
   42 Pa.C.S. § 2503(7).

4. Although the peremptory judgment was not appealed and is not an issue in this case, we observe in passing that an order granting peremptory judgment in mandamus is immediately appealable. 26 Pa. B.1985 (April 27, 1996), *amending* Pa. R.A.P. 311(a)(5).

5. Mansfield did not utilize an attorney for the October 25, 1994 hearing before the Board on its assessment appeal because Thomas J. Grady, the general manager for Mansfield, and James Nash, an appraiser, felt that they could handle the matter on their own.

   Although not germane to the underlying issue in this case, we note that Mansfield's representatives voluntary left the tax assessment hearing due to a misunderstanding about *what tax year* they were appealing. Mansfield's representatives were attempting to present evidence pertaining to its 1995 assessment and the confusion arose when the Board questioned them about occurrences in 1994, which is the proper time period for which the evidence should have been presented for an appeal of the 1995 assessment. A taxpayer who appeals an assessment does so on or before the first day of September in the year following the assessment. Section 701 of the Law, 72 P.S. § 5453.701(b).

of the section, obdurate, dilatory or vexatious.

In addition to specifically denying the Board's assertions, Mansfield, in its responsive appellee's brief, raises the affirmative defense that this Court lacks subject matter jurisdiction because the Board's appeal was untimely. Mansfield argues that because the order of December 2, 1994 was a final order, and the Board did not file its notice of appeal until January 20, 1995, which is beyond the statutory thirty-day period within which an appeal must be filed, the Board's appeal must be quashed. We agree.

The time for filing an appeal to an appellate court is governed by 42 Pa.C.S. § 5571(b) and Pa. R.A.P 903(a), which provides, in part, that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." The Board in its Notice of Appeal states that it is appealing the December 2, 1994 order, which, if that were the case, denotes that the appeal was beyond the allowable thirty days. (Notice of Appeal; Reproduced Record at 50a.) However, in its brief filed with this Court, the Board asserts that the final order which it is appealing is not the December 2, 1994 order, but the December 19, 1994 judgment, which reduced the December 2, 1994 order to judgment. Since the Board neglected to reply to Mansfield's affirmative defense of untimeliness, this Court infers that the Board believes that its appeal is timely since its appeal was filed within thirty days of the entry of judgment.[6]

■ Pa. R.A.P. 301(d) states in relevant part that for a final order to be appealable, it must be actually entered on the docket, and that "the clerk of the lower court shall on praecipe of any party … forthwith prepare, sign and enter an appropriate order, judgment or final decree in the docket, evidencing any action from which an appeal lies either as of right or upon permission to appeal or allowance of appeal." The Official Note to the Rule states that the 1986 Amendment to this Rule

**deletes reference to reduction of an order to judgment as a prerequisite for appeal in every case.** This deletion does not eliminate the requirement of reduction of an order to judgment in an appropriate case. Due to the variety of orders issued by courts in different kinds of cases, no single rule can delineate the requirements applicable in all cases. The bar is cautioned that if the applicable practice or case law requires that an order be reduced to judgment or final decree before it becomes final, that requirement must still be met before the order can be appealed.

Official Note to Pa. R.A.P. 301 (emphasis added). In cases where an entry of judgment is not required, the time within which to file an appeal begins with the entry of the order from which the appeal lies. *Eachus v. Chester County Tax Claim Bureau*, 148 Pa. Cmwlth. 625, 612 A.2d 586 (1992), *petition for allowance of appeal denied sub nom., P & P Partners v. Eachus*, 534 Pa. 643, 626 A.2d 1161 (1993).[7]

■ Generally, in actions in equity, the date of the entry of judgment is not the determinative date for the statutory appeal time to commence. *See Stotsenburg v. Frost*, 465 Pa. 187, 196, 348 A.2d 418, 423 (1975)("The determinative date for purposes of filing an appeal to this court in equity matters is the date that the final decree is docketed.") Since actions in mandamus are treated as actions in equity, *City of Pittsburgh v. Department of Transportation*, 490

---

6. The Board, as appellant, failed to avail itself of the opportunity to file a reply brief in accord with Pa. R.A.P. 2113(a) which pertinently provides that "the appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief."

7. In *Eachus*, on July 19, 1990, the trial court entered an order setting aside a tax sale. On August 1, 1990, the appellant filed a post-trial motion and on September 24, 1990, the trial court struck the post-trial motion as an inappropriate procedure in a statutory appeal. On October 23, 1990, the appellant filed a praecipe to enter judgment of the order setting aside the tax sale so that it could receive a refund of its bid money, and the appellant also filed a notice of appeal. We quashed the appeal as untimely because the July 19, 1990 order was a final order, which effectively put the appellant out of court, and the entry of judgment did not create the beginning of a new time period within which an appeal could be taken.

Pa. 264, 416 A.2d 461 (1980), final orders in mandamus actions need not be reduced to judgments to be appealable, so long as they are final. *See Beharry v. Mascara,* 92 Pa. Cmwlth. 484, 499 A.2d 1129 (1985). For an order to be deemed final and appealable, the order must dispose of all claims and all parties. Pa. R.A.P. 341(b)(1).

In *Beharry,* an order was entered on August 3, 1984 in a mandamus action to which the appellant filed exceptions, which were subsequently dismissed on September 14, 1984. Appellant then applied to the Supreme Court requesting that it assume plenary jurisdiction, and the Supreme Court on January 11, 1985 denied the application. Then on January 17, 1985, the appellant entered judgment of the September 14, 1984 order, and on January 21, 1985 filed an appeal from the September 14, 1984 order. This Court held that the September 14, 1984 order "was a final order for purposes of appeal because it decided the only matter in dispute, therefore, judgment was not required to be entered for the purpose of appeal." *Beharry,* 499 A.2d at 1131 n. 5. Accordingly, we quashed the appeal.[8]

Likewise, in this case, the final order, that is, the order which disposed of the only issue remaining in the case (whether Mansfield was entitled to reasonable attorney fees) was entered on the docket on December 2, 1994. No entry of judgment was required before that order became final and appealable. Accordingly, the appeal period commenced on December 2, 1994. Since the Board's Notice of Appeal was not filed until January 20, 1994, which is more than thirty days from December 2, 1994, the Board failed to comply with the time requirement and this Court is without subject matter jurisdiction to hear the appeal.

Moreover, even if the appeal date *did* begin to run from December 19, 1994, the date of the entry of judgment, the Board's appeal is *still* beyond the thirty-day appeal period by one day (11 days in December, 1994 and

20 days in January, 1995, totals 31 days).[9] *See* 1 Pa.C.S. § 1908. Accordingly, the appeal of the Tioga County Board of Assessment is quashed.

### ORDER

NOW, July 19, 1996, the appeal of the Board of Assessment Appeals of Tioga County in the above-captioned matter is hereby quashed.

---

8. This Court in *Beharry* also held that the appeal was untimely since the appellant's application to the Supreme Court did not toll the appeal period.

9. Had the appeal period begun as of the date of entry of judgment, this Court still would have

quashed the appeal as untimely even though Mansfield did not advance this argument in its brief because the issue is jurisdictional and may be raised by the Court sua sponte. *See Eachus.*