J-A25038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JAMES EDWARDS AND JON EDWARDS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| EDWARD D. AGOSTINELLI, SR.; LINDA AGOSTINELLI, JCE, INC., AND LETWO VENTURES, LLC., | |
| =========================== | |
| LINDA AGOSTINELLI, | |
| v. | |
| JAMES EDWARDS, JON EDWARDS AND LETWO VENTURES, LLC., | |
| Appellants | No. 2234 MDA 2015 |

Appeal from the Order Entered August 31, 2015
In the Court of Common Pleas of Centre County
Civil Division at No(s): 06-3286
2006-4444

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:     **FILED NOVEMBER 29, 2016**

James Edwards, Jon Edwards and LETWO Ventures, LLC., (hereinafter collectively "Appellants") purport to appeal the judgment entered in the Court of Common Pleas of Centre County on November 20, 2015. For the reasons that follow, we find the appeal properly lies from the final order of

_____

*Former Justice specially assigned to the Superior Court.

the trial court entered on August 31, 2015, and quash this appeal as untimely.[1]

This is the third time this matter has been before this Court. In the interest of conciseness, we adopt and incorporate by reference the most recent statement of the relevant facts and procedural history detailed in our previously published opinion following proceedings on remand. **See Agostinelli v. Edwards**, 98 A.3d 695, 696-99 (Pa.Super. 2014). Essentially this matter derives from consolidated disputes arising from the formation and operation of Appellant LETWO Ventures, LLC, (hereinafter "LETWO") which had been formed on May 3, 2000, to create a residential development. For purposes of our disposition herein, we note that on August 20, 2014, this Court affirmed in part and vacated in part the trial court's order entered on June 14, 2013.

Specifically, we concluded the trial court had erred on remand by divesting Appellee Linda Agostinelli (hereinafter "Agostinelli") of her fifty percent interest in LETWO, since this action exceeded the scope of the remand order. Consequently, this Court reduced the judgment Agostinelli owed to LETWO from $278,237.15 to $37,890.41 to reflect our finding that Agostinelli was entitled to a 50% interest in LETWO and a resulting credit towards damages owed. Appellants filed an Application for Reargument on

---

[1] Accordingly, we have amended the caption to reflect the proper date of the order under appeal.

September 8, 2014, which this Court dismissed as untimely on September 12, 2014, and a Petition for Allowance of Appeal with our Supreme Court on September 19, 2014, which that Court denied on April 1, 2015.

After various failed attempts to collect the overpaid funds following this Court's August 20, 2014, decision, Edward D. Agostinelli, Sr., Agostinelli, and JCE, Inc., (hereinafter collectively "Appellees") filed a Motion for Release of Escrowed Funds on December 31, 2014, while Appellants' Petition for Allowance of Appeal was still pending. After argument, the trial court entered an Order denying the motion on January 26, 2015.[2]  On April 20, 2015, Appellees filed a Motion to Compel Entry of Judgment and Return of Overpaid Funds.  In its Order entered on April 29, 2015, the trial court scheduled a hearing on the motion for May 28, 2015.

In its Opinion Order issued on August 31, 2015, the trial court indicated it had heard oral argument on the motion on May 28, 2015,[3] and found that while the personal judgments of Appellants James Edwards and Jon Edwards had been marked satisfied, the judgment of LETWO against Appellees had not yet been marked satisfied.  Trial Court Opinion Order, filed 8/31/15, at 3.  The court further determined

---

[2] It appears from the certified record that a hearing on this motion was scheduled for January 14, 2015, and the trial court indicated that it entered its order following argument; however, no transcript from this argument appears in the certified record.

[3] A transcript from this argument is absent from the certified record.

- 3 -

that $66,786.84 had been overpaid and must be returned to Agostinelli. In addition, upon noting Appellants did not seek a stay of this Court's August 20, 2014, judgment or post any bond for the appeal, the trial court awarded the requested 6% interest per annum since the date of this Court's judgment and 1% interest for failure to mark the judgment satisfied since July 11, 2015, pursuant to 42 Pa.C.S.A. § 8104(b) (reflecting that 90 days had elapsed from 10 days after the entry of the Pennsylvania Supreme Court's Order denying Appellants' petition for allowance of appeal). Finding no evidence of bad faith, the trial court declined to award Appellees attorney's fees. *Id*. at 3.

Ultimately the trial court directed that:

AND NOW, this 31st day of August, 2015, the [c]ourt enters the following ORDER:

(1) The judgment owed to LEWO [sic] is amended to $37,890.41, and shall be marked SATISFIED.

(2) The overpaid funds in the amount of $66,786.84 shall be returned to Linda Agostinelli.

(3) Interest shall be paid to the Agostinellis on the overpaid funds since August 20, 2014[,] at the legal rate of 6% per annum for a total of $4,127.98.

(4) Interest shall be paid for failure to mark judgment satisfied at 1% interest since July 11, 2015, 1 month, at $378.90.

Trial Court Opinion Order, filed 8/31/15, at 4.

- 4 -

Appellants did not file a motion for reconsideration or an appeal following the trial court's entry of its August 31, 2015, Opinion Order. On November 20, 2015, Agostinelli filed a praecipe for entry of judgment, and on December 21, 2015, Appellants filed a notice of appeal.

Appellants raised four issues in their statement of matters complained of on appeal filed on January 21, 2016, and on February 4, 2016, the trial court filed its Opinion in Response to Matters Complained of on Appeal. Therein, the trial court relied upon its reasoning set forth in its Opinion Order of August 31, 2015, and supplied supplemental analysis for this Court's consideration. Specifically, the trial court indicated that Appellants' first three issues related to their belief that their written guaranties to return overpaid judgment monies to Appellees if a lesser judgment amount were issued are unenforceable. The trial court found that such contentions lacked merit in light of a provision contained in the "Agreement of the Parties" which had been executed on May 17, 2012. The trial court further stated Appellants' final issue attempted to "obfuscate the issue at bar, which is that a judgment of a lesser amount was issued by the [c]ourt after the Superior Court held that a judgment of a lesser amount was proper[;] [therefore] [t]he overpaid monies are simply not subject to the LETWO, LLC Operating Agreement." Trial Court Opinion, filed 2/4/16, at 2-3.

In their brief, Appellants present the following questions for our review:

A.    Did the lower court commit an error of law or abuse its discretion when it awarded judgment against Appellants, James C. Edwards and Jon D. Edwards, on the basis of its Opinion and Order dated August 31, 2015[,] as the court no longer had any jurisdiction over Appellants since the judgments in their favor had been paid and satisfied long prior to August 31, 2015?

B.    Did the lower court commit an error of law, abuse of discretion, and/or violate Appellants' civil rights when it awarded judgment against Appellants Edwards as the [c]ourt purported in the [c]ourt's Opinion and Order of August 31, 2015, to enforce an agreement between the parties not approved by the [c]ourt at any time and not within the court's jurisdiction to enforce without a separate action to enforce?

C.    Did the lower court commit an error of law, abuse of discretion, and/or violate Appellants' civil rights when it entered money judgments against all Appellants as the Superior Court has never entered any judgment against all Appellants and Appellees Agostinelli have sought to obtain an interpretation of the agreement of the parties which created contractual obligations separate from the matters litigated in the instant case?

D.    Did the lower court commit an error of law, abuse of discretion, and/or violate Appellants' civil rights when it entered money judgments against all Appellants without reference to the applicability of the LETWO, LLC Operating Agreement § 803(e) which specified that member distributions will be made in accordance with positive capital account balances of members?

Brief for Appellant at 17-18 (unnecessary capitalization omitted).

Before we may address the substantive claims Appellants raise on appeal, we must first consider whether this appeal is properly before us.[4]

---

[4] On June 2, 2016, Agostinelli filed an Application to Dismiss pursuant to Pa.R.A.P. 1911(d) and Pa.R.A.P. 2188 in light of Appellants' failure to ensure a copy of the January 14, 2015, and May 28, 2015, transcripts were

An appeal properly lies from a final order, and a final order is one that disposes of all claims and of all parties. Pa.R.A.P. 341 ("Except as prescribed in subdivisions (d) [regarding right to appeal from orders of Superior Court and Commonwealth Court] and (e) [regarding criminal orders] of this rule, an appeal may be taken as of right from any final order...." Pa.R.A.P. 341(a)). The requisites for an appealable order are set forth in Pa.R.A.P. 301 which states in relevant part that:

**Rule 301. Requisites for an Appealable Order**

Currentness

**(a)  Entry upon docket below.**

(1) Except as provided in paragraph (2) of this subdivision, [regarding criminal cases] no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

---

contained in the certified record. While Agostinelli acknowledges the docket indicates a transcript of the January 14, 2015, hearing had been filed of record, she notes there is no request in the record for a copy of the transcript from May 28, 2015, which results in waiver of the issues raised herein. *See* Application to Dismiss, filed 6/2/16, at 2-3 (unnumbered). In addition, Agostinelli stresses Appellants' reproduced record does not contain copies of the motions or exhibits filed of record, one of which is the calculations the trial court relied upon in issuing its August 31, 2015, Opinion Order. *Id*. at 3 (unnumbered). As a result, Agostinelli asked this Court to impose sanctions, including dismissing or quashing the appeal. In our *Per Curiam* Order of July 8, 2016, we denied the motion without prejudice to Agostinelli's right to raise again the issues presented therein before the merits panel; however, while Agostinelli filed her appellate brief on June 28, 2016, and asserted therein Appellants had failed to preserve the issues raised on appeal, she did not file a supplement thereto reasserting the claims set forth in the motion.

***

Pa.R.A.P. 301(a)(1).

The Official Note following Rule 301 points out that the 1986 amendment to Rule 301 deleted reference to reduction of an order to judgment as a prerequisite for appeal in every case. "This deletion does not eliminate the requirement of reduction of an order to judgment in appropriate cases. Due to the variety of orders issued by courts in different kinds of cases, no single rule can delineate the requirements applicable in all cases." Pa.R.A.P. 301, Official Note.

In light of this Court's August 20, 2014, decision and upon Agostinelli's Motion to Compel Entry of Judgment and Return of Overpaid Funds filed on April 17, 2015, the trial court in its Opinion Order of August 31, 2015, clearly directed overpaid funds in the amount of $66,786.84 to be returned to Agostinelli. In addition, the trial court indicated Appellants would pay interest thereon at the legal rate of 6% since August 20, 2014, along with interest in the amount of 1% for Appellants' failure to mark the judgment satisfied since July 11, 2015. The trial court rendered its decision after the parties had a full opportunity to present their positions at a hearing, and its August 31, 2015, Opinion Order was entered on the docket that same day; notwithstanding, Appellants failed to seek a motion for reconsideration or to file an appeal to the trial court's August 31, 2015, Order, although it had

twice done so in response to the trial court's entry of similar orders throughout this proceeding.

The trial court entered its first order directing, *inter alia*, Appellees to reimburse LETWO and Appellants James and John Edwards for specific transactions on June 17, 2010. Both parties filed motions for reconsideration. On October 29, 2010, the trial court entered a new Opinion and Order vacating its prior order, adjusting the amount for which Appellees Agostinellis were liable to LETWO and the Edwards and declaring Agostinelli's interest in LETWO dissolved because she had been credited with a fifty percent interest in the company. Again, both parties filed motions for reconsideration; however, the trial court affirmed its October 29, 2010, Opinion and Order on January 17, 2011, and Appellants filed a notice of appeal with this Court on January 31, 2011. Indeed, in our Memorandum Opinion filed on March 12, 2012, this Court clarified that the appeal properly lay from the final order of the trial court entered on October 29, 2010, even though the parties had purported to appeal from order denying reconsideration thereof. **See Agostinelli v. Edwards**, No. 223 MDA 2011, unpublished memorandum at 2 n. 1. (Pa.Super. filed March 12, 2012). Ultimately, this Court reversed the trial court's October 29, 2010, Order and remanded for further proceedings consistent with our decision and for an award of simple interest on conversion damages.

Our August 20, 2014, Opinion followed an appeal filed on July 12, 2013, and taken from the trial court's Opinion and Order entered on June 14, 2013, increasing the amount Appellees were required to pay LETWO following proceedings on remand. Prior to entering its June 14, 2013, Order, the trial court had entered an Opinion and Order on February 7, 2013, to which Appellants filed a motion for reconsideration on February 21, 2013. This prompted a hearing on March 25, 2013, and the June 14, 2013, Order followed. As such, throughout the course of these proceedings, the trial court twice considered timely-filed motions to reconsider its orders and granted relief pursuant to its inherent authority to correct errors in its judgments, and, thereafter, timely notices of appeal to those final orders were filed.

Following this Court's August 20, 2014, decision, as it had done in the past, the trial court conducted a post-remand damages hearing following which it resolved factual disputes apparently explored at the hearing, including a new calculation of damages and assignment of interest, and made a final determination regarding overpaid funds and interest which effectively ended the litigation. As was the case with its prior orders entered throughout the course of litigation, the trial court's Opinion Order entered on August 31, 2015, made new findings of fact and conclusions of law that had the effect of terminating the litigation and thereby making Appellants the aggrieved party. There can be no question that the trial court's decision

therein effectively put Appellants out of court, as the amount of overpaid funds and related interest to be paid to Appellees was the only matter before it; therefore, any appeal therefrom had to be filed within thirty days of the entry of that Order. Pa.R.A.P. 903(a).[5]  Consequently, at the end of the thirty-day period, on September 31, 2015, the judgment became final.

Indeed, Appellants tacitly acknowledge as much throughout their appellate brief, which significantly indicates on the cover page the appeal lies from the August 31, 2015, Order. *See also* Brief for Appellant at 26 (stating "[o]n August 31, 2015, the [trial] court [ ] entered the Order which is the subject of this appeal"). In addition, Appellants argue the trial court erred and violated their due process rights in interpreting the Settlement Agreement when it entered its August 31, 2015, Order. Brief for Appellants at 33, 35-38.  Also, they claim the trial court and this Court erroneously utilized a balancing of the equities approach and modified a judgment that had been marked satisfied.  *Id*. at 33-34.   Furthermore, Appellants maintain the trial court and this Court "failed to take into consideration the LETWO Operating Agreement, in particular § 803(e) in making their decisions.  *Id*. at 40.  These are issues upon which an entry of judgment did not rely, but rather present challenges to the new findings and legal conclusions the trial court reached following  the May 28, 2015, hearing.

---

[5] This Court has concluded that "where, as here on remand the trial court relies on both the record existing prior to the appeal and new evidence to reach a decision, post-trial motions are not required to preserve issues for appeal." *Edwards v. Agostinelli*, 98 A.3d 695, 704 (Pa.Super.  2014).

- 11 -

Notwithstanding, Appellants never challenged the trial court's calculation of damages and interest thereon until they filed a notice of appeal almost four months later, on December 21, 2015, following the Prothonotary's entry of judgment in the amount of $71,293.27 together with interest on November 20, 2015. However, our Supreme Court has held that in a case where the entry of judgment is not required, the appeal period begins on the date of the order from which the appeal lies, Pa.R.A.P. 903(a), rather than from the entry of judgment. **Miller Elec. Co. v. DeWeese**, 589 Pa. 167, 176, 907 A.2d 1051, 1057 (2006), amended, 591 Pa. 396, 918 A.2d 114 (2007) citing **Mansfield Hospitality Limited Partnership v. Board of Assessment Appeals of Tioga County**, 680 A.2d 916, 918 (Pa.Cmwlth. 1996) (in matters not requiring an entry of judgment, the time within which to file an appeal begins with the entry of the order from which the appeal lies.) (**Eachus v. Chester County Tax Claim Bureau**, 148 Pa.Cmwlth. 625, 612 A.2d 586 (1992) (when judgment need not be entered, judgment is nullity and appeal period commences with entry of order from which appeal lies).

Accordingly, we find that the appealable, final order in this matter was the trial court's Opinion Order entered on August 31, 2015, amending the judgment owed to LETWO and marking it satisfied, directing overpaid funds to be returned to Agostinelli and assigning interest payments.

Because Appellants failed to file a timely appeal from that Order, we must quash this appeal.[6]

Appeal quashed. Jurisdiction relinquished.[7]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/29/2016</u>

---

[6] Nevertheless, even if we were to reach the merits of Appellants' arguments, their failure to ensure the transcript from the May 28, 2015, hearing, upon which the trial court relied in issuing its August 31, 2015, prevents us from engaging in a proper review of the issues he asserts herein.

> It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in the case. It is also well-settled in this jurisdiction that it is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by [A]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined.

*Commonwealth v. Martz*, 926 A.2d 514, 524–25 (Pa.Super. 2007) (citations and quotation marks omitted).

In addition, to the extent Appellants attempt to rehash issues previously decided in the prior decisions of this Court, we would find they have been previously litigated, and our Supreme Court has denied Appellants' petition for allowance of appeal on April 1, 2015.

[7] We note that, "as an appellate court, we may affirm on any legal basis supported by the certified record." *Commonwealth v. Williams*, 125 A.3d 425, 433 (Pa.Super. 2015).

- 13 -