**Rollinson v. Clarke-DeMarco**

*David A. Ristvey,* for plaintiff.
*Angelo A. Papa,* for defendant.

DOBSON, *J.,* January 22, 2007—The matters before this court for disposition are plaintiff's preliminary objections to defendant's first amended answer and counterclaim. For the reasons hereinafter set forth, plaintiff's preliminary objections will be sustained in part and overruled in part.

This lawsuit arises out of a breach of contract claim. The facts, taken from the pleadings, are summarized as follows: On June 1, 2003, the parties entered into a written contract for plaintiff to construct a new, custom-built home for defendant.[1] Defendant's home was insured under a homeowners' insurance policy issued by MetLife Auto and Home Insurance Company. MetLife provided for "replacement cost plus" to defendant for the rebuilding or construction of her new residence. According to plaintiff, MetLife valued the replacement cost at

---

1. Defendant's former house was destroyed by a fire.

$330,767.63.[2] Defendant attached the insurance policy as exhibit "B" in his original answer. The contract price to build the house was $328,000. The contract agreement is attached as exhibit 1 to plaintiff's complaint.[3]

Plaintiff avers that defendant was to pay for all the materials, labor, overruns, and a 10 percent general contractor's fee. Defendant claims that everything was included in the contract price as a set, flat fee. Plaintiff also alleges that defendant requested changes be made to the house, and that these changes were in fact made. Defendant claims that no changes were made, or that if there were, plaintiff never warned defendant that the fixed contract price would be increased. Plaintiff avers that when he completed the job, there was still a balance owed, which defendant refused to pay because the insurance money was depleted. Plaintiff asserts that at no time did defendant complain about any defects. Defendant, on the contrary, alleges that the house was never completed, and that whatever portions were completed, were done so defectively.

On March 29, 2006, plaintiff filed preliminary objections by way of demurrer under Rule 1028(a)(4); by way of failure to conform to law or rule of court or scandalous and impertinent matter under 1028(a)(2); and by way of

---

2. The replacement cost was initially valued at approximately $58,000 less, but was later increased to this amount because the insurance adjuster forgot to include the roof and shingles in their plans. According to defendant, the total replacement cost allotted by MetLife was $331,267.63.

3. This contract is not signed by either party. Plaintiff avers he was unable to locate the original, but believes defendant has either the original or a copy. Defendant attached a copy of a signed contract as exhibit A in his original answer.

insufficient specificity under Rule 1028(a)(3). Plaintiff makes numerous objections under each of these headings.

This court will begin with plaintiff's demurrers.

The standard for considering preliminary objections in the nature of a challenge to the sufficiency of the evidence is as follows:

"[T]he court accepts as true all well-pled material facts set forth in the complaint along with all reasonably deducible inferences from those facts. . . . Essentially, our inquiry assesses the legal sufficiency of the complaint. . . . The court must be able to say with certainty that upon the facts averred, the law will not permit recovery. . . . Preliminary objections will be sustained only if they are clear and free of doubt." *Schuylkill Navy v. Langbord,* 728 A.2d 964, 968 (Pa. Super. 1999).

Plaintiff's first demurrer is premised on the ground that defendant's claim for fraud is legally insufficient. Plaintiff contends that defendant has failed to plead the facts necessary to make out a cause of action for fraud.

Averments of fraud or mistake shall be averred with particularity. Pa.R.C.P. 1019(b).

"While it is impossible to establish precise standards as to the degree of particularity required in a given situation, two conditions must always be met. The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense and they must be sufficient to convince the court that the averments are not merely subterfuge." *White v. George,* 66 D.&C.4th 129, 152 (Mercer Cty. 2004) (J. Dobson).

To make out a cause of action for fraud, a party must plead facts to establish the following: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Unsupported assertions and conclusory accusations cannot create genuine issues of material fact as to the existence of fraud." *Hart v. Arnold,* 884 A.2d 316, 339 n.7 (Pa. Super. 2005).

Defendant has pled six allegations of fraud. A review of each allegation shows that they are deficient.

The first allegation of fraud is that plaintiff made a representation that the contract was for a flat fee. Defendant, however, has failed to plead facts to establish that her injuries were the result of that representation.

The second allegation of fraud is that plaintiff made a representation that he was going to take a personal interest in the job. Defendant has failed, however, to plead any facts to establish that her reliance on the representation was justified or that her injuries were the result of that representation.

The third allegation of fraud is that plaintiff falsely claimed he needed advances on the payments from defendant's insurance proceeds to complete the job. Given that defendant has alleged the insurance proceeds were to be used to pay for the job, this allegation is insufficient as a matter of law.

The fourth allegation of fraud is an allegation that the bills submitted by plaintiff were fabricated and/or

fraudulently altered. While such an allegation would constitute fraud, defendant has failed to plead any facts to support this allegation.

The fifth allegation of fraud is that plaintiff enticed defendant to enter into a contract with personal and written assurances. Again, defendant has failed to plead any facts to support this allegation.

The final allegation of fraud is that plaintiff enticed defendant to pay the money up front and has fabricated a claim against her. This allegation fails to set forth any of the requirements for fraud.

Plaintiff next argues that if defendant did properly state a claim for fraud, the claim should be barred by the gist of the action doctrine. In light of its ruling on the demurrer, this court need not address this issue.

Plaintiff next contends that defendant's request for punitive damages is legally insufficient.[4] This contention is based on the assertion that defendant has failed to set forth a valid claim to be awarded punitive damages.

" 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. . . . Punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.' . . . Because punitive damages are intended to punish the tort-feasor for outrageous conduct and to deter him and

---

4. Plaintiff also makes preliminary objections to defendant's claim for punitive damages by ways of 1028(a)(2) and 1028(a)(3). This court will address this issue now, and forego addressing it later so as not to be redundant in the latter part of the opinion.

others like him from similar conduct in the future, 'the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.'" *Hutchison ex rel. Hutchison v. Luddy,* 896 A.2d 1260, 1265 (Pa. Super. 2006).

In determining whether or not punitive damages may be awarded, Pennsylvania law requires analysis of the following factors: (1) the character of the act; (2) the nature and extent of the harm; and (3) the wealth of the defendant. *Reading Radio Inc. v. Fink,* 833 A.2d 199, 214 (Pa. Super. 2003). One cannot recover punitive damages for an action solely sounding in breach of contract. *DiGregorio v. Keystone Health Plan East,* 840 A.2d 361, 370 (Pa. Super. 2003). Furthermore, since "bad faith" is not a recognized common-law action in tort, [one] cannot assert punitive damages on this basis. *Id.*

While a cause of action for misrepresentation can support a claim for punitive damages, fraud alone is insufficient to justify such an award. 2 Summ. Pa. Jur. 2d Torts §16:96. Thus, a court may not award punitive damages merely because a tort has been committed. *McClellan v. Health Maintenance Organization of Pennsylvania,* 413 Pa. Super. 128, 144, 604 A.2d 1053, 1061 (1992). In order for punitive damages to be awarded for fraud, there must be acts of malice, vindictiveness, and a wholly wanton disregard of the rights of others. *Pittsburgh Live Inc. v. Servov,* 419 Pa. Super. 423, 615 A.2d 438 (1992).

Defendant has merely conclusively pled that plaintiff's actions were outrageous. Such a conclusion is insufficient for an award of punitive damages. Hence, plaintiff's preliminary objection is sustained and defendant has

leave to amend to plead appropriate facts that would warrant an award for punitive damages under the above standard.

Plaintiff next contends that defendant's request for attorney's fees is legally insufficient.[5] Plaintiff asserts that defendant did not set forth any basis upon which she is entitled to recover attorney's fees.

Generally, litigants are responsible for their own counsel fees unless otherwise permitted by statutory authority (42 Pa.C.S. §2503), agreement of the parties, or some other recognized exception to the general rule (*e.g.,* common fund exception, obdurate behavior exception, and private attorney general exception). *Hart v. Arnold,* 884 A.2d 316, 342 (Pa. Super. 2005). In relevant part, the established exceptions to this general rule are set forth by statute:

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. §2503.

---

5. Plaintiff also objects to defendant's claim for attorney's fees under 1028(a)(2). This court will address this issue solely in this part of the opinion.

It is settled law that counsel fees cannot be sued for separately from the principal claim. *Miller Electric Co. v. DeWeese,* 589 Pa. 167, 173, 907 A.2d 1051, 1055 (2006). A claim asserted pursuant to 42 Pa.C.S. §2503 should be raised at the conclusion of the underlying action, utilizing the record and history in the underlying action as a basis to support the claim. *Deve Dev. Inc. v. Gargiulo,* 2006 Phila. C.C.P. Lexis 31. "To hold otherwise would raise an ancillary matter in every litigation that would serve only to complicate the issues and perhaps even keep a jury from embarking on a rightful path." *Shevchik v. Zwergel,* 8 D.&C.4th 66, 67 (1990). However, a trial court may only act on a motion for attorney fees that is filed within 30 days from final judgment. See *DeWeese (supra);* 42 Pa.C.S. §5505.

Defendant has not pled any facts to establish a claim for attorney's fees. Defendant has neither shown that there was an agreement for attorney's fees, nor has she pled any facts under any recognized exception. For those reasons, and that this claim is not properly raised at this stage of the litigation, this court sustains plaintiff's preliminary objection and defendant has leave to raise this claim under section 2503 at the conclusion of the underlying action.

This court will next address plaintiff's preliminary objections to what he claims are scandalous and impertinent matters under Rule 1028(a)(2). Scandalous and impertinent has been defined as "immaterial and inappropriate to the proof of the cause of action." *White,* 66 D.&C.4th at 139. The right to strike impertinent matter should be exercised sparingly; unless there is prejudice, the motion should not be granted. *Id.* Further, where

matter is impertinent but not injurious, it need not be stricken. *Id.*

Plaintiff first argues that defendant's claim of "vulnerability" should be stricken on the grounds that it is impertinent matter.

Defendant's counsel, at oral argument court, explained that he chose to use the language he did so that the court would get a fuller understanding of the whole picture that led to this lawsuit.

"Vulnerability" is not, however, pertinent to this case. Defendant has not pled any facts to establish a confidential relationship between her and plaintiff. Consequently, plaintiff's preliminary objection is sustained.

Plaintiff next claims that the phrase "sweet talked" should be stricken.[6] Plaintiff argues that "sweet talked" is not defined, is not sufficiently specific, nor does defendant relate what statements constitute "sweet talk." The paragraph in question states:

"Plaintiff said he would return in two weeks to start completion of the rest of the work, which was pre-paid as stated but it did not happen. Payments should not have been paid in part because defects were later discovered, and in part because the last phase of work was never done. Plaintiff *'sweet talked'* the last payment from defendant and agents and then bailed out." Amended answer, ¶24. (emphasis added)

---

6. Plaintiff also objects to the phrase "sweet talk" under Rule 1028(a)(3) for insufficient specificity For the sake of not being redundant, this court will quickly dispose of this issue here.

Defendant's language is ambiguous and has no bearing in this case. Therefore, this court sustains plaintiff's preliminary objection.

Plaintiff next claims that the phrase "need to find another unwary victim" should be stricken. The paragraph in question states:

"Plaintiff never made any inquiries regarding payment on supposed balance due, and stopped work in breach of his contractual obligation, and because he had obviously, inappropriately, squandered or otherwise dissipated, the money paid upfront, and *needed to find another unwary victim,* and work on a different project instead." Amended complaint, ¶33. (emphasis added)

Defendant's language is clearly impertinent and prejudicial. Hence, plaintiff's preliminary objection is sustained with prejudice.

Plaintiff next argues that if the fraud claim is stricken, then everything else dealing with it should also be stricken as impertinent. Specifically, plaintiff directs this court's attention to the statements in paragraph 78 concerning taking advantage of "defendant's vulnerability" or the "relationship," and the "allegedly false statements,"[7] in paragraph 81 and elsewhere that plaintiff's acts were malicious. Because this court will allot defendant an opportunity to re-plead her fraud claim, this court will defer action on this motion until the amended counterclaim is filed.

Plaintiff next contends that defendant's verification does not comply with Rule 1024(b) because it should be

7. These are the six acts of fraud defendant avers that plaintiff perpetrated; they are set forth on pages 471 and 472 of this opinion.

a special verification given that the counterclaim includes actions for both breach of contract and unjust enrichment theories.

Rule 1024(b) provides:

"*If a pleading contains averments which are inconsistent in fact,* the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true." Pa.R.C.P. 1024(b). (emphasis added)

This procedural rule applies, for instance, where a plaintiff sues on alternative theories of express contract and quantum meruit, as there will be inconsistent averments of fact. Standard Pennsylvania Practice §21:26. Defendant argues that the special verification does not apply to her because she has not pled any inconsistent facts, only alternative theories.

The Pennsylvania Rules of Civil Procedure permit causes of action to be pled in the alternative. Pa.R.C.P. 1020(c). Unjust enrichment is a proper alternative cause of action to a breach of contract claim. *Birchwood Lakes Community Association Inc. v. Comis,* 296 Pa. Super. 77, 86, 442 A.2d 304, 308 (1980).

Trial courts throughout the Commonwealth are split on this issue, and there is no appellate authority directly on point. The special type of verification of Pa.R.C.P. 1024(b) was *not* required where there was a mere pleading of alternative theories of action based on the same facts in *York Flour Mills Inc. v. Terre Hill Silo Co.,* 76 York 191, 193-94 (C.C.P. 1963), but alternative pleading unavoidably resulted in inconsistent averments of fact

which required a special verification in *Turk v. Communication Design Inc.,* 1991 WL 330882, 45 (C.C.P. 1991).

The rule requires that the special verification is needed where there are inconsistent averments of fact. Pa.R.C.P. 1024(b). This court finds that defendant has not pled inconsistent averments of facts. For that reason, plaintiff's preliminary objection is overruled.

Plaintiff next argues that defendant's fraud pleading does not comply with Rule 1019(b), which provides that averments of fraud be averred with particularity. This court has already discussed this assertion in connection with the demurrer.

Plaintiff next argues that defendant failed to conform to rule of court by mentioning certain exhibits and other documents, but failing to attach them to the amended answer. Pennsylvania's rule on when to attach a writing is as follows:

"When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. 1019(i).

In paragraph 72 of the counterclaim, defendant states, "A copy of the contract and the worksheet done by the insurance company, with participation and agreement of both parties, which form the basis of cost and flat sum, are attached and marked exhibits A and B." In paragraph 78(e) of the counterclaim, defendant states, "Further, it is believed, further that the bills and documentation

themselves, are fraudulently altered, or otherwise fabricated to secure an improper claim."

Defendant failed to attach any documents to the amended answer. However, the contract and worksheet were attached as exhibits "A" and "B" to defendant's original answer. Because exhibits "A" and "B" are part of the record, plaintiff's preliminary objection is overruled with respect to these exhibits, and they are deemed attached to the amended answer. As for the other bills and documents defendant alleges were fraudulently altered, plaintiff's preliminary objection is sustained and defendant shall attach them to any amended answer and/or counterclaim.

Plaintiff's final preliminary objection is that the complaint is insufficiently specific under Rule 1028(a)(3). The pertinent question under Rule 1028(a)(3) is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006).

Plaintiff argues that he does not know what certain phrases mean. More specifically, plaintiff complains about the phrase in paragraph 78(d), that plaintiff used the money for "other improper covetous activities." This language is clearly ambiguous and, therefore, stricken.

Plaintiff next complains about defendant's allegations of false statements made to the insurance employee. Plaintiff argues that defendant failed to define how false

statements to an insurance employee are even relevant, what false statements were made, and the identity of the insurance employee. This court cannot speculate as to what allegations defendant claims were made. Hence, this court sustains plaintiff's preliminary objection and defendant has leave to amend to state precisely what pertinent statements were misrepresented.

Plaintiff next argues that the phrase "otherwise fabricated" in paragraph 78(e) is not sufficient. Paragraph 78(e) reads: "Further, it is believed, further that the bills and documentation themselves, are fraudulently altered, or otherwise fabricated to secure an improper claim." It appears that defendant is claiming the bills were "fudged" so as to make it seem like defendant owes more than was bargained for between the parties. This court finds that the phrase "otherwise" is inapt and must be stricken. Defendant will be allowed to plead that the bills were fraudulently altered or fabricated, but defendant must eliminate the word "otherwise."

Plaintiff next argues that the word "enticed" in paragraph 78(g) is insufficiently specific. Plaintiff argues this because he does not know how he supposedly "enticed" defendant into paying him the money. The pertinent paragraph reads as follows:

"Plaintiff *enticed* the defendants to pay him up front, which enabled him to secure a loan from them, squander the money, and then fabricate some kind of claim in which he could fraudulently turn the tables on the situation. This was another act of fraud perpetrated upon the defendants, which was possible because of the reasonable reliance and trust placed in him." Defendant's counterclaim, ¶78(g). (emphasis added)

After reading the pleading as a whole, defendant has alleged she was persuaded into giving plaintiff the money because she was told it was needed up front to do the job. The court does not find the use of the word "enticed" in this context improper.

Plaintiff next argues that he does not know what defendant is talking about when she refers to a lien and the refinancing of some loan in paragraph 69. Paragraph 69 provides:

"Defendant and defendant's husband could not *refinance the loan* and apply for more money to properly cure house and prevent further damages and to finish basement so that defendant could have a proper graduation party for her son *because plaintiff applied a 79.767.14 lien* and now damage from chimney water is estimated at $5,100 to date." Defendant's new matter, §69(ii). (emphasis added)

Defendant is alleging she tried to mitigate her damages, but was unsuccessful because plaintiff had a lien on the property. This allegation is specific enough to put plaintiff on notice about this defense. As a result, plaintiff's preliminary objection is overruled.

Plaintiff next argues that he does not understand the phrase, "The damage claims are alternative, and or not meant to be duplicative," in paragraph 82. While inartful, this allegation is not improper.

And hence this order:

## ORDER

And now, January 22, 2007, it is hereby ordered that plaintiff's preliminary objections are sustained in part and overruled in part.

Plaintiff's preliminary objection in the nature of demurrer based upon the elements of fraud is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of demurrer based upon the gist of the action is moot.

It is further ordered that plaintiff's preliminary objection in the nature of demurrer based upon punitive damages is sustained.

It is further ordered that plaintiff's preliminary objection in the nature of demurrer based upon attorney's fees is sustained with leave to raise the issue at the conclusion of the underlying matter.

It is further ordered that plaintiff's preliminary objection in the nature of demurrer based upon the vulnerability claim is sustained.

It is further ordered that plaintiff's preliminary objection in the nature of failure to conform to law or rule of court based upon verification Rule 1024(b) is overruled.

It is further ordered that plaintiff's preliminary objection in the nature of failure to conform to law or rule of court based upon pleading fraud with particularity under Rule 1019(b) is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of failure to conform to law or rule of court based upon exhibits "A" and "B" that were not attached is overruled, and said exhibits are deemed attached.

It is further ordered that plaintiff's preliminary objection in the nature of failure to conform to law or rule of

court based upon the other bills and documents are sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of scandalous or impertinent matter based upon the phrase "sweet talked" is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of scandalous or impertinent matter based upon the phrase "needed to find another unwary victim" is sustained with prejudice.

It is further ordered that plaintiff's preliminary objection in the nature of scandalous or impertinent matter based upon the proposition that if the fraud count is stricken, then every assertion concerning it should also be stricken is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon the phrase "other improper covetous activities" is sustained.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon the alleged false statements made to the insurance employee is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon the phrase "otherwise fabricated" is sustained with leave to amend.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon the phrase "enticed" is overruled.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon

an allegation defendant was unable to refinance a loan because of a lien is overruled.

It is further ordered that plaintiff's preliminary objection in the nature of insufficient specificity based upon the phrase "damage claims are alternative and/or not meant to be duplicative" is overruled.