907 A.2d 1051

## MILLER ELECTRIC COMPANY

v.

### Tate DeWEESE and Just–Mark, Inc.

v.

### Birmingham Bistro, Inc.

### Appeal of Birmingham Bistro, Inc.

Supreme Court of Pennsylvania.

Argued March 7, 2005.

Decided Oct. 17, 2006.

168

Rudolph L. Massa, for Birmingham Bistro, Inc., appellant.

Brian Charles Kuhn, for Miller Elec. Co., appellee.

Before: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

Appellant Birmingham Bistro, Inc. appeals from the order of the Superior Court quashing its appeal as untimely. We reverse.

Just–Mark, Inc., the general contractor at a construction site owned by Tate DeWeese, hired appellee Miller Electric Company as a subcontractor to perform the electrical work. Miller received partial payment, but a balance of $14,371.53 existed at the time the project was finished. Miller filed a complaint against Just–Mark, Inc. to recover that balance; DeWeese was named as an additional defendant.

After unsuccessful attempts to serve DeWeese at his last known home address, Miller petitioned for permission to serve DeWeese by first class mail at the offices of JTD–Grandview, Inc., of which DeWeese was president. The trial court granted Miller's petition, and the signed return receipt indicated the complaint was served and accepted at that address. After 20 days, a ten-day default notice was issued, and default judgment was entered November 21, 1995, against DeWeese and in favor of Miller in the amount of $15,177.17.[1]

Over the next several years, Miller unsuccessfully attempted to collect on its judgment. DeWeese was also the president of Birmingham Bistro, Inc., the appellant in this case. In 2001, Miller instituted garnishment proceedings against Birmingham. Miller asserted it was entitled to attach property held by Birmingham and to garnish compensation and benefits paid by Birmingham to DeWeese. The trial court disagreed and entered a verdict in favor of Birmingham February 14, 2002, finding Birmingham's assets were exempt from garnish-

---

1. The Pennsylvania Rules of Civil Procedure provide "every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading. . . ." Pa.R.C.P. 1026. The Rules also provide that before the prothonotary may enter default judgment against a party, the party seeking default judgment must give the opposing party and his attorney of record, if any, ten days notice of its intention to file a praecipe for entry of judgment by default. *Id.,* at 237.1(a)(2).

ment. The following day, Birmingham filed a motion for attorney's fees, citing 42 Pa.C.S. § 2503(3), which expressly entitles a garnishee "who is found to have in his possession or control no indebtedness due to or other property of the debtor" to collect "a reasonable counsel fee as part of the taxable costs of the matter." *Id.*

On February 26, 2002, Miller filed a motion for post-trial relief which encompassed several motions for judgment notwithstanding the verdict, a motion to compel, and a motion for attorney's fees. The court never entered an order disposing of Miller's post-trial motion, which was thus deemed denied on June 26, 2002, 120 days after it was filed, pursuant to Pa. R.C.P. 227.4. Rule 227.4 states the prothonotary shall, upon praecipe of a party:

> (1) enter judgment upon the verdict of a jury or the decision of a judge following a trial without jury, if
>
> * * *
>
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration. . . .

Pa.R.C.P. 227.4(1). On June 27, 2002, Birmingham filed a praecipe to enter judgment on its verdict and the prothonotary entered final judgment in favor of Birmingham that day.

The trial court entered an order July 10, 2002, denying Birmingham's February 15 motion for attorney's fees. On August 8, 2002, Birmingham filed a notice of appeal from the July 10 order. Miller moved to quash the appeal as untimely, arguing the notice of appeal was filed more than 30 days after the final judgment on June 27, 2002. The Superior Court granted Miller's motion and quashed the appeal. The court concluded the judgment entered June 27, 2002 was the final appealable order in the case, and thus Birmingham's August 8 notice of appeal was untimely, as it was filed more than 30

days after final judgment.[2] *Miller Electric Company v. DeWeese, et al.,* No. 1420 WDA 2002, 2003 WL 22490946, unpublished memorandum at 7 (Pa.Super. filed August 25, 2003). We granted review to consider the propriety of the order quashing the appeal and to consider the rules governing this aspect of post-trial procedure.

■ This case presents a procedural conundrum in that the prothonotary entered judgment in Birmingham's favor June 27, 2002, but the trial court did not deny Birmingham's motion for attorney's fees until July 10, 2002. The Superior Court determined the 30–day appeal period began with the entry of judgment. However, Birmingham initially had no reason to appeal from the June 27 judgment in its favor, as it did not become an aggrieved party until the denial of its motion for attorney's fees two weeks later.

Birmingham argues its notice of appeal was timely since a motion for attorney's fees under 42 Pa.C.S. § 2503(3) is not a post-trial motion, and therefore, is not disposed of by entry of final judgment. It survives, and remains outstanding, such that the 30–day period for appeal should begin to run on the date of the order disposing of it; it is this order from which the appeal lies. We agree. A motion for fees under § 2503(3) is not a post-trial motion, and the entry of judgment on June 27 did not dispose of Birmingham's motion.

The Superior Court relied on two cases in quashing Birmingham's appeal. In *Freidenbloom v. Weyant,* 814 A.2d 1253 (Pa.Super.2003), the plaintiff filed a praecipe to discontinue the action, and the defendant filed a motion for attorney's fees under § 2503(9),[3] 36 days later. *Freidenbloom,* at 1256.

**2.** An appeal will lie from the final order in the case. "Except as prescribed in subdivisions (d) [regarding right to appeal from orders of Superior Court and Commonwealth Court] and (e) [regarding criminal orders] of this rule, an appeal may be taken as of right from any final order. . . ." Pa.R.A.P. 341(a).

**3.** Section 2503(9) states, "[a]ny participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith" shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter. 42 Pa.C.S. § 2503(9).

The *Freidenbloom* court determined the motion was untimely, citing 42 Pa.C.S. § 5505 for the proposition that a trial court retains jurisdiction to act on a motion for attorney's fees that is filed within 30 days after final resolution of a case. The court stated:

> A trial court's jurisdiction generally extends for thirty days after the entry of a final order:
>
>> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> 42 Pa.C.S. § 5505. After the 30 day time period, the trial court is divested of jurisdiction. A praecipe to discontinue a case constitutes a final resolution of all issues. Further, a praecipe for discontinuance has the same effect as a judgment entered in favor of the defendant. Thus, since a praecipe for discontinuance constitutes a final resolution of the case and has the effect of a final judgment, a trial court may consider a petition for fees filed within a period of 30 days after the filing of the praecipe. In summary, requests for counsel fees under 42 Pa.C.S.A. § 2503 are part of the principal claim and must be determined as part of that claim.

*Freidenbloom,* at 1255 (citations and footnote omitted). Since the defendant filed his motion for fees beyond the 30–day period in which the trial court retained jurisdiction, the court held the trial court lacked the authority to act on it. The Superior Court vacated the trial court's order granting the motion, deeming it a "nullity." *Id.,* at 1256.

█ We find *Freidenbloom* inapposite. *Freidenbloom* stands for the proposition that a praecipe to discontinue constitutes a final judgment, and that a trial court may only act on a motion for fees that is filed within 30 days from final judgment. Here, however, the motion for fees was filed prior to the entry of judgment; *Freidenbloom* does not address whether the entry of judgment is dispositive of a motion for fees filed prior to judgment.

The second case relied upon by the Superior Court is *First National Bank of Northeast v. Gooslin*, 399 Pa.Super. 496, 582 A.2d 1054 (1990). Defendant Gooslin pledged a dredge to the bank as collateral for a loan; when he defaulted, the bank obtained judgment and placed a levy on the dredge. When Wilcke claimed ownership of the dredge, the bank commenced an action in interpleader; Wilcke filed a petition to recover storage and maintenance costs for the dredge. The trial court ultimately issued an order finding Wilcke was the rightful owner, but did not rule on Wilcke's petition for costs. Neither party appealed from the court's order. More than three months later, Wilcke filed a second petition requesting storage and maintenance costs, and added a request for attorney's fees under § 2503(5).[4]

The trial court denied both claims as waived. The Superior Court agreed that Wilcke waived his claim to storage and maintenance costs since he "fail[ed] to seek a modification of the trial court's Order [naming him as the owner], or to file an appeal therefrom...." *First National Bank*, at 1055–56. With regard to attorney's fees, Wilcke argued he was statutorily entitled under § 2503(5), and therefore had a distinct cause of action which could not be waived as part of the underlying action. The Superior Court disagreed; even assuming Wilcke's entitlement to fees was compulsory, it concluded such a right could nevertheless be waived. *First National Bank*, at 1056 & n. 1. As he failed to assert his claim for fees in his original action, it was waived. *Id.*, at 1056. The court opined:

It is settled law that counsel fees cannot be sued for separately from the principal claim. "Separate suits constitute an impermissible splitting of but one cause of action." *Goldberg v. Goldberg*, 306 Pa.Super. 504, 506, 452 A.2d 838, 839 (1982).... Wilcke's contention that he had an absolute right to recover counsel fees pursuant to 42 Pa.C.S.A. § 2503(5) does not alter our conclusion that he cannot

4. Section 2503(5) provides, "[t]he prevailing party in an interpleader proceeding in connection with execution upon a judgment" shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter. 42 Pa.C.S. § 2503(5).

recover counsel fees in this action.... It is axiomatic that finality of judgment extends not only to matters actually determined but also to matters which could properly have been raised and determined therein.

*Id.*, at 1056.

Relying on both *First National Bank* and *Freidenbloom,* the Superior Court determined a cause of action for attorney's fees cannot exist independent of the principal claim, and therefore, the final order for purposes of appeal was the order entering judgment in favor of appellant. *Miller Electric,* at 3–5. The court stated:

Applying the rationale expressed by this Court in *First National Bank* and *Freidenbloom,* we conclude that the judgment entered on June 27, 2002 constituted the final order/judgment in this case, and that the trial court's July 10, 2002 Order did not constitute a final appealable order. *See Freidenbloom,* 814 A.2d at 1255 (holding that finality of judgment extends not only to matters actually determined, but to matters which could properly have been raised and determined therein). *In accordance with Freidenbloom, we recognize that the trial court retained the authority to act on Birmingham's Motion for counsel fees for thirty days after the entry of its final judgment.* However, the trial court's July 10, 2002 Order denying Birmingham's Motion did not alter the finality of the June 27, 2002 judgment, nor did it extend the time period for filing an appeal from that judgment. Because Birmingham's appeal was not filed within 30 days from the June 27, 2002 judgment, it is untimely, and we are without jurisdiction to address Birmingham's underlying claims.

*Id.*, at 6–7 (footnote omitted) (emphasis added).

We agree that the judgment entered June 27, 2002 was the final judgment in the underlying garnishment action, but we cannot say it was the final order with regard to the motion for fees. The Superior Court reasoned that because a suit for counsel fees cannot exist apart from the underlying cause of action, appellant's motion for attorney's fees could not survive

beyond the entry of final judgment. The court thus concluded the motion was disposed of as part of the June 27 judgment; while the trial court retained jurisdiction for 30 days to modify the final judgment, the appeal period had nevertheless begun.

*Freidenbloom* held a trial court may consider a petition for fees *filed within 30 days* of the entry of final judgment. *Freidenbloom*, at 1255. Appellant's motion for attorney's fees was filed months prior to the entry of judgment, and we disagree that *Freidenbloom* restricts the period of time a trial court may act on a motion for fees filed pursuant to § 2503(3). Section 2503(3) dictates that a garnishee found to have in his possession no indebtedness due "shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter. . . ." 42 Pa.C.S. § 2503(3). Taxable costs are generally payable incident to a final judgment, *i.e.*, after termination of the action by discontinuance or final disposition. *Novy v. Novy*, 324 Pa. 362, 188 A. 328, 331 (1936). Here, the prothonotary entered judgment June 27, 2002; however, appellant's status as the prevailing party was not perfected until 30 days later when the time for appeal expired. In cases where one or both parties appeal from the judgment, the final determination as to whether a garnishee "wins" an action, in the sense that he is found to have no indebtedness due, will depend on the outcome of the appeal.

The requisites for an appealable order are set forth in Pa.R.A.P. 301. The Official Note following Rule 301 points out that the 1986 amendment to Rule 301 deleted reference to reduction of an order to judgment as a prerequisite for appeal in every case. "This deletion does not eliminate the requirement of reduction of an order to judgment in an appropriate case. Due to the variety of orders issued by courts in different kinds of cases, no single rule can delineate the requirements applicable in all cases." Pa.R.A.P. 301, Official Note. We believe the claim for attorney's fees in the instant case is among the type of claims the Rules Committee considered when it deleted the requirement that all verdicts or decisions be reduced to judgment before an appeal may be taken. Here, the trial court entered its verdict in appellant's

favor, and therefore, entry of judgment was not necessary—but it would have been, had the verdict been in appellee's favor. In that instance, the entry of judgment in favor of appellee would have been necessary before appellee could execute the garnishment. But because the trial court determined appellee was not entitled to garnishment from appellant, the verdict left no outstanding liability between the parties, and no further steps were necessary.

The Commonwealth Court has held that in a case where the entry of judgment is not required, the appeal period begins on the date of the order from which the appeal lies, rather than from the entry of judgment. *See Mansfield Hospitality Limited Partnership v. Board of Assessment Appeals of Tioga County*, 680 A.2d 916, 918 (Pa.Cmwlth.1996) ("In cases where an entry of judgment is not required, the time within which to file an appeal begins with the entry of the order from which the appeal lies.") (citing *Eachus v. Chester County Tax Claim Bureau*, 148 Pa.Cmwlth. 625, 612 A.2d 586 (1992) (when judgment need not be entered, judgment is nullity and appeal period commences with entry of order from which appeal lies)). We believe this approach is the most appropriate under the circumstances presented by this case.

▮ We conclude the trial court's July 10 order is the order from which appellant's appeal lies. Because we have determined a motion for attorney's fees filed under § 2503(3) is not a separate suit for fees, but rather, a matter that is connected but ancillary to the underlying action, we conclude appellant's motion for fees was not disposed of by the June 27 judgment. To the extent that *Freidenbloom* and *First National Bank* contradict our holding in this regard, they are hereby overruled. Thus, where a garnishee succeeds in securing a verdict in its favor, yet is subsequently denied its entitlement to attorney's fees under § 2503(3) by order of court, the garnishee may appeal within 30 days of the date of the denial, regardless of when final judgment was entered. Since appellant's notice of appeal was filed within 30 days of the trial court's order denying its motion for attorney's fees, the Superior Court's order quashing appellant's appeal is hereby vacat-

ed and appellant is granted the right to appeal from the trial court's denial *nunc pro tunc.*

Order reversed. Jurisdiction relinquished.

Justice NEWMAN and Justice SAYLOR join this opinion.

Justice CASTILLE did not participate in the consideration or decision of this case.

Former Justice NIGRO did not participate in the decision of this case.

Chief Justice CAPPY files a concurring opinion.

Justice BAER files a dissenting opinion.

Chief Justice CAPPY concurring.

I join the opinion of the majority. The majority reached the only result possible given the existing constraints of the Pennsylvania Rules of Civil Procedure.

I write separately to suggest that the problem of dual appellate tracks for cases involving a judgment on the merits of a legal action and the post-trial motions naturally arising therefrom; and the later disposition of separate post-trial ancillary matters, such as a motion for attorney fees, should be referred to our civil rules committee for review. Perhaps the committee can propose a solution that would permit a single appeal in cases involving multiple direct and ancillary post-trial matters.

Justice BAER dissenting.

The majority today, in reversing the Superior Court, promulgates a new rule of law that will allow the pursuit of inconsistent, piecemeal litigation within the appellate courts of the Commonwealth. Because of the procedural and public policy problems such a rule presents, and for the reasons outlined below, I respectfully dissent.

Just–Mark, Inc., a general contractor, hired Miller Electric Company (Garnishor), to perform electrical work on a con-

struction site owned by Tate DeWeese. At the completion of construction, Just–Mark owed a balance of $14,371.53 to Garnishor. Garnishor subsequently filed a breach of contract action against Just–Mark, naming DeWeese, the owner of the property, as a co-defendant. After many failed attempts to serve the complaint on DeWeese, Garnishor obtained permission from the trial court to serve DeWeese at the office of JTD–Grandview, Inc., of which DeWeese was president. DeWeese failed to respond to the complaint and the court entered default judgment on November 21, 1995, in the amount of $15,177.17.

Over approximately the next six years, Garnishor unsuccessfully attempted to execute on the judgment against DeWeese. In 2001, Garnishor initiated garnishment proceedings against Birmingham Bistro, Inc. (Garnishee), a restaurant of which DeWeese was sole shareholder and president. Garnishor asserted that property owned by Garnishee could be attached to satisfy the judgment against DeWeese. After a non-jury trial, the Court of Common Pleas of Allegheny County entered a verdict against Garnishor and in favor of Garnishee on February 14, 2002. The next day, Garnishee filed a motion for counsel fees under 42 Pa.C.S. § 2503(3), which entitles a garnishee "who is found to have in his possession or control no indebtedness due to or other property of the debtor" to an award of reasonable counsel fees.

On February 26, 2002, Garnishor filed a motion for post-trial relief. The trial court, however, did not dispose of the motion within 120 days, allowing Garnishee to praecipe for final judgment pursuant to Pa.R.C.P. 227.4(1)(b).[1] On June 27, 2002, Garnishee filed such praecipe and the prothonotary

---

1. Rule 227.4(1)(b) provides that the prothonotary shall, upon praecipe of a party,

> (1) enter judgment upon the verdict of a jury or the decision of a judge following a trial without a jury, if
>
> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. *A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.*

Pa.R.C.P. 227.4(1)(b) (emphasis added).

entered judgment in favor of Garnishee and against Garnishor later that day.

Believing Garnishee's February 15, 2002 motion for counsel fees to be outstanding, notwithstanding the entry of judgment upon Garnishee's praecipe, the trial court entered an order denying the motion on July 10, 2002. Garnishee appealed from that order on August 8, 2002, more than thirty days after it had requested and been granted final judgment, but within thirty days of the denial of its motion for fees. Garnishor moved to quash the appeal as untimely, arguing that Garnishee should have filed the appeal within thirty days of the entry of final judgment pursuant to its praecipe on June 27, 2002, which would have required Garnishee to file his appeal on or before July 27, 2002. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken). The Superior Court granted Garnishor's motion and quashed the appeal, concluding that the final judgment entered on June 27, 2002, was the final appealable order in the case, and thus that Garnishee's August 8, 2002 appeal was untimely. *Miller Electric Co. v. DeWeese*, 1420 WDA 2002 at 7 (Pa.Super.Aug. 25, 2003) (unpublished memorandum).

Although I agree that this case presents what the Majority calls "a procedural conundrum," the Majority's response can only foster confusion, backlog, and piecemeal litigation throughout the appellate courts of the Commonwealth. This hampers our unerring and well-documented efforts to avoid these obstacles to finality and expedient resolution of controversies. *See Kowenhoven v. County of Allegheny*, 901 A.2d 1003 (Pa.2006); *Vaccone v. Syken*, 899 A.2d 1103, 1107 (Pa. 2006); *Commonwealth v. Failor*, 564 Pa. 642, 770 A.2d 310, 314 (2001); *Penna. Ass'n of Rural and Small Schs. v. Casey*, 531 Pa. 439, 613 A.2d 1198, 1199 (1992); *Wall v. Wall*, 517 Pa. 29, 534 A.2d 465, 467 (1987); *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413, 417 (1987); *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211, 215 (1985); *Pincus v. Mut. Assurance Co.*, 457 Pa. 94, 321 A.2d 906, 909 (1974); *White v. Young*, 409 Pa. 562, 186 A.2d 919, 921–22 (1963); *Common-*

*wealth v. Moon,* 383 Pa. 18, 117 A.2d 96, 104 (1955); *see also Gallagher v. Pennsylvania Liquor Control Bd.,* 584 Pa. 362, 883 A.2d 550, 561 n. 2 (2005) (Baer, J, dissenting) ("Piecemeal litigation is not to be encouraged.").

The Majority declares that, when a garnishee obtains a favorable verdict, and is denied counsel fees, the garnishee may appeal within thirty days of the date of denial of counsel fees, even when final judgment has been entered and the appeal period has run in the underlying case. This holding, however, directly contradicts the plain language of Pa.R.C.P. 227.4(1)(b).[2] The text of the rule is clear that when a party voluntarily praecipes for judgment after the running of 120 days from the filing of the first motion, that judgment *"shall be final as to all parties and all issues and shall not be subject to reconsideration." Id.* (emphasis added). In short, as this Court has aptly observed, a *"case is ready in its entirety for the appellate process* [once judgment has been taken]." *Armbruster v. Horowitz,* 572 Pa. 1, 813 A.2d 698, 702 n. 3 (2002) (emphasis added). The Majority's disregard of the plain meaning of Rule 227.4(1)(b) violates Pa.R.C.P. 127(b), which provides that in interpreting a civil rule, its plain meaning is not to be disregarded under the pretext of pursuing its spirit.

Moreover, the Majority's rule creates the possibility of a party reducing a verdict to judgment pursuant to the first clause of Rule 227.4(1)(b), while pending motions from the same underlying litigation remain undecided. In effect, this will allow any pending motion for fees to remain undecided for an indefinite amount of time after the entry of final judgment, potentially prejudicing movant, respondent, and the court system by permitting the unnecessary and costly protraction of litigation. I suggest that this opens Pandora's Box as to any motion for taxable fees pursuant to § 2503, and perhaps as to any other filing that is not considered a "post-trial motion." [3]

**2.** *See supra* n. 1 for the text of Rule 227.4(1)(b).

**3.** Notably, the Majority simply accepts Garnishee's contention that a motion for counsel fees is not, by definition, a "post-trial motion"

Even more troublesome is the prospect that two final, appealable orders from the same underlying litigation, separately appealed and reviewed by two different panels of an intermediate appellate court, could be decided in a manner that generates two irreconcilable and mutually exclusive holdings. The Majority's holding would allow one panel of the Superior Court to vacate a final judgment while a separate panel reversed the denial of counsel fees, creating a situation where fees are granted to the party that loses on the merits, a facially untenable outcome.

Indeed, in ruling that an action for counsel fees lies entirely outside of the ambit of the case from which it derives for purposes of finality, the Majority not only runs roughshod over the plain language of Rule 227.4(1)(b), it also disserves the spirit of the rule. This Court, precisely to avoid the quandaries outlined above, has repeatedly ruled against the use of piecemeal litigation. Just this year, this Court reiterated in a unanimous opinion that "the very purpose of the finality rule ... *is to avoid piecemeal litigation.*" *Vaccone*, 899 A.2d at 1107 (emphasis added). In *Wall*, 534 A.2d at 467, we wrote that "a policy which allows piecemeal appeals from a single case serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party." Indeed, it is beyond dispute that this Court "abhors [the] piecemeal determinations and the consequent protractions of litigation." *Fried*, 501 A.2d at 215 (internal quotation marks and citations omitted).[4]

which must be decided or deemed denied after 120 days in accordance with by Rule 227.4(1)(b). Although Garnishee argues ably on this matter, and appears to acknowledge that the question is unsettled, the Majority treats the novel question with a simple statement of agreement and no discussion of moment.

Whether a motion for counsel fees is or is not itself a post-trial motion need not be resolved in this case, because the plain language of Rule 227.4(1)(b), when activated by a trial court's failure to dispose of post-trial motions within 120 days after the filing of the first motion, plainly indicates that the consequence of entry of judgment is final as to *all* parties and *all* issues.

4. I acknowledge that the law of Pennsylvania appears unsettled as to generally when a motion for counsel fees should be filed. *Cf. Novy v.*

It seems particularly reasonable to apply this rule to this case, since Garnishee, the prevailing party at trial and the proponent of the ancillary motion in question, affirmatively sought to reduce the verdict to judgment prior to the court's disposition of the ancillary motion. In this case, there was no pressing need for Garnishee to praecipe for judgment on the first day after the deemed denial of Garnishor's post-trial motions. *See Hughes v. Smith,* 366 Pa.Super. 612, 531 A.2d 1152, 1154–55 (1987) (upholding an entry of judgment seven years after a verdict had been entered onto the record). Garnishee was well aware that its motion for counsel fees was still pending and had the option of waiting until the trial court ruled on that motion before filing the praecipe for judgment.

Today's ruling not only permits motions to remain undecided for months or even years on end, but invites the possibility of two panels of an intermediate appellate court reaching two contradictory and mutually exclusive decisions regarding the same case. Conversely, the plain language of Rule 227.4(1)(b) offers a far more logical and legally sustainable solution, in providing that when a party praecipes for judgment after the deemed denial of post-trial motions, the judgment entered is final as to all parties, all issues, and is ready in its entirety for the appellate process. Thus, all appeals and cross-appeals would be entertained by one appellate tribunal at one time,

*Novy,* 324 Pa. 362, 188 A. 328 (1936); *Shevchik v. Zwergel,* 8 Pa. D.& C.4th 66 (Ct.C.P. Westmoreland 1990). Herein, I suggest that it should be before final judgment is entered to permit an appeal from the counsel fee request to proceed as one with all other appealable issues in a case. However, I recognize that it would also be defensible to adopt a process by which all applications for counsel fees are filed after the underlying case is fully and finally adjudicated. This would at least avoid inconsistent results and permit the court deciding counsel fees to have the benefit of a complete record.

Nevertheless, I believe the process articulated herein remains preferable because of its inherent efficiency. To adopt a system where counsel fees follow absolute finality of the underlying litigation could double the time and substantially increase the hours counsel and the courts spend on a case, to their and the litigants' detriment. I note that the Majority adopts neither system, and instead appears to impose on Pennsylvania the worst of all worlds; allowing for the potentiality of substantially simultaneous separate appeals in the same case, with the real possibility of inconsistent and unjust results, not to mention the likelihood of substantial delay.

and Pandora's Box would remain closed. Accordingly, I respectfully dissent.