DISSENTING OPINION BY
Judge COHN JUBELIRER.
This case presents an issue of first impression that raises complex procedural matters and the Majority opinion provides thoughtful analysis in establishing a plausible new rule. However, when a trial court order is appealed, which party will ultimately prevail and be entitled to counsel fees is not certain until final resolution of the appeal. Therefore, where there is an appeal, I would not find that a party waives its ability to file a motion for counsel fees if the'motion is not filed within thirty days of the trial court’s order. Instead, a party should be permitted to file the motion for counsel fees within 30 days of an appellate court’s order disposing of an appeal. There are benefits to permitting a party to wait to file a "motion for counsel fees until after'an appeal has been decided, such , as promoting judicial econo *1172 my and preventing vexatious litigation. Therefore, I respectfully dissent.
The Majority is correct that our Courts have generally held that: 1) the trial court does not lose jurisdiction to decide a motion for counsel fees when the motion is filed within 30 days of the trial court’s final order; and 2) when there is no appeal from the trial court’s order, the trial court does lose jurisdiction to consider a motion for counsel fees filed more than 30 days after the trial court’s final order. In re Estate of Bechtel, 92 A.3d 833, 843 (Pa.Super.2014); Freidenbloom v. Weyant, 814 A.2d 1253, 1255-56 (Pa.Super.2003), overruled in part on other grounds by Miller Electric Company v. DeWeese, 589 Pa. 167, 907 A.2d 1051 (2006). The trial court also does not lose jurisdiction to decide a motion for counsel fees as a result of the filing of am appeal of a trial court’s order on the merits. Samuel-Bassett v. Kia Motors America, Inc., 613 Pa. 371, 34 A.3d 1, 48 (2011); Old Forge School District v. Highmark Inc., 592 Pa. 307, 924 A.2d 1205, 1209, 1211 (2007). The Majority, therefore, concludes that motions for counsel fees must be filed with the trial court within 30 days of the trial court’s final order regardless of whether an appeal has been filed with an appellate court. This is a question our Courts have not specifically answered.
The reason an appeal bears on the awarding of counsel fees is that, generally, counsel fees are awarded to a prevailing party, see Section 1726(a) of the Judicial Code, 42 Pa.C.S. § 1726(a); thus, where there is an appeal of the trial court’s order, which party ultimately prevails cannot be determined with absolute certainty until the final disposition, after appeal. Our Supreme Court recognized this idea in Miller Electric Company, noting that the final disposition did not occur until “appellant’s status as the prevailing party” was perfected in that case, i.e., when the time for appeal expired and no appeal had been filed. Miller Electric Company, 907 A.2d at 1056. However, the Supreme Court also noted that, when an appeal is taken, the final determination regarding who is the prevailing party entitled to counsel fees “will depend on the outcome of the appeal.” Id.
In Miller Electric Company, the appellant filed a motion for counsel fees several months before obtaining a final judgment in its favor on June 27, 2002. Miller Electric Company, 907 A.2d at 1053. The trial court- denied the appellant’s motion for counsel fees on July 10, 2002 and, on August 8, 2002, the appellant appealed the denial of the motion for counsel fees to the Superior Court. Id. The appellee moved to quash the appeal as untimely, which the Superior Court granted. Id. On appeal to our Supreme Court, the Supreme Court analyzed the relevant law, stating:
Freidenbloom held a trial eourt may consider a petition for fees filed within 30 days of the entry of final judgment. Freidenbloom, [814 A.2d] at 1255. Appellant’s motion for attorney’s fees was filed months prior to the entry of judgment, and we disagree that Freiden-bloom restricts the period of time a trial court may act on a motion for fees filed pursuant to [Section] 2503(3) [of the Judicial Code]. Section 2503(3) [of the Judicial Code] dictates that a garnishee found to have in his possession no indebtedness due “shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter.... ” 42 Pa. C.S. § 2503(3). Taxable costs are generally payable incident to a final judgment, i.e., after termination of the action by discontinuance or final disposition. Novy v. Novy [324 Pa. 362], 188 A. 328, 331 (1936). Here, the prothonotary entered judgment June 27, 2002; however, *1173 appellant’s status as the prevailing party was not perfected until 30 days later when the time for appeal expired. In cases where one or both parties appeal from the judgment, the final determination as to whether a garnishee “wins” an action, in the sense that he is found to have no indebtedness due, will depend on the outcome of the appeal.
Id. at 1056 (third emphasis added).
Because a matter is not finally disposed of until the outcome of the appeal is known, I believe that Miller Electric Company provides support for permitting a prevailing party to file a motion for sanctions with the trial court within 30 days of an appellate court’s final decision.[1] In the matter sub judice, the York Township Board of Commissioners (Township) was not assured of its status as the prevailing party in the matter until Dennis L. Ness’s (Ness) appeal on the merits was dismissed by this Court on May 9, 2014 for his failure to file a brief. Since the Township’s motion for counsel fees[2] was filed within 30 days of when the matter was disposed of on appeal by this Court, I believe that its motion was timely. Because it is not necessary to find waiver for not filing the motion for counsel fees sooner, I would not do so.
There are other benefits in permitting such an appeal. I believe that it would promote judicial economy, promote the goal of preventing vexatious litigation, and provide a rule that is parallel to the current appellate procedural rules.
When an appeal has been filed, it is more efficient to allow parties to wait to file motions for counsel fees with the trial court until after the appeal has been decided. For example, where the trial court is reversed on appeal, the rule proposed by the Majority would require extra work for counsel and for the trial court, and create an administrative burden for the trial court to monitor the motion on its active docket, with absolutely no benefit from the costs. Currently, when motions for counsel fees are filed within 30 days of a trial court’s order and an appeal is filed, the trial court will often stay the motion for counsel fees pending the outcome of the appeal. Those motions for counsel fees will not be decided by the trial court until after the outcome of the appeal is certain; therefore, requiring the motions to have been filed within 30 days is not necessary.
Section 2503(9) of the Judicial Code provides the statutory authority for the Township’s motion for counsel fees in this case. Under this section, participants are entitled to reasonable counsel fees where “the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.” 42 Pa.C.S. § 2503(9). Because it is possible that evidence of a party’s bad faith or vexatious conduct in commencing a matter may become more apparent during the pendency of the appeal, it is advantageous to allow parties to wait to file motions for counsel fees until after an appeal is decided. In such situations, a rule resulting in the waiver of a party’s ability to request counsel fees in instances where a party does *1174 not file a motion for counsel fees' within 30 days of a trial court’s final order, even when an appeal has been filed, undermines the goal of Section 2503 of discouraging vexatious and improper litigation.
The Pennsylvania Rules of Appellate Procedure permit litigants to wait to file a motion for counsel fees until after the outcome of an appeal is determined. Pa. R.A.P. 2744, 2751. Rule 2744 provides, in relevant part, as follows:
an appellate court may award as further costs damages as may be just, including (1) a reasonable counsel fee ... if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, - obdurate or vexatious.[3]
Pa. R.A.P. 2744. Regarding when a participant must request counsel fees from the 'appellate court, Rule 2751 states that, “[a]n application for further costs and damages must be made before the record is remanded, unless the appellate court, for cause shown, shall otherwise direct.” Pa. R.A.P. 2751. With respect to the timing of the remand of the record, Rule 2572 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, that:
(a) General rule. Unless otherwise ordered:
(1) [t]he record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record.
(2) [t]he pendency of an application for reargument, or of any other application affecting the order, or the pen-dency of a petition for allowance of appeal from the order, shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the new appellate court possessed of the record.
(b) Supreme Court orders. The time for the remand of the record pursuant to subdivision (a) following orders of the Supreme Court shall be
[[Image here]]
(2) 14 days in all other cases.
Pa. R.A.P. 2572 (emphasis added). Because Rule 2572 stays the remand of the record pending the outcome of an appeal from an appellate court, pursuant to Rule 2744 parties are permitted to wait to file applications for counsel fees with the appellate court until the matter is disposed of on appeal. I would utilize an ■ approach similar to Rule 2744 at the trial court level, which permits parties to file motions for counsel fees with the trial court within 30 days of when the matter is resolved after appeal.
These procedural matters are complex; I, therefore, believe a simple approach would be best here, which reduces waiver of the ability to file motions for counsel fees. Because there is no prohibition against permitting a motion for counsel fees to be filed with the trial court within 30 days of when a matter is resolved after appeal, and because there are reasons of efficiency and policy to permit such filings, *1175 I would find that the motion for counsel fees was timely.[4]

. Of course, as acknowledged by the Majority, in instances when a matter is remanded by the appellate court to the trial court for further proceedings, a party may file a motion for counsel fees at any time before the trial court enters a new final order, or within 30 days of the trial court’s new order.

. Here, the Township filed its motion for counsel fees pursuant to Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9). Section 2503(9) entitles a participant to reasonable counsel fees when “the conduct of another party in commencing [litigation] or otherwise was arbitrary, vexatious, or in bad faith.” Id.

. Rule 2744 effectuates Section 2503 of the Judicial Code at the appellate level. Under Pennsylvania law, "attorneys’ fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties." Commonwealth, Department of Transportation v. Manor Mines, Inc., 523 Pa. 112, 565 A.2d 428, 433 (1989) (quoting Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 404 Pa. 541, 173 A.2d 109, 113 (1961)). Section 2503 of the Judicial Code provides the legislative authorization for Rule 2744. G. Darlington, K. McKeon, D. Schuckers & K. Brown, Pennsylvania Appellate Practice § 2744.2 (West 2014).

. It may be that a clarification in the procedural rules, both civil and appellate, would be helpful in setting forth a consistent approach to counsel fees.