J-A33005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER M. BOBACK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JENNIFER O. ROSS AND DAVID A. ROSS | |
| Appellee | No. 240 WDA 2016 |

Appeal from the Order February 10, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-13-004860

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED MARCH 27, 2017**

Christopher M. Boback appeals from the order, entered in the Court of Common Pleas of Allegheny County, awarding David A. Ross ("Husband/Garnishee") attorney's fees and expenses in the amount of $13,731.31, plus costs, for the underlying garnishment action.  After our review, we affirm the trial court's order, *sua sponte* award Husband/Garnishee additional attorney's fees and remand for calculation and imposition of those fees.

Husband/Garnishee and Debtor/Jennifer O. Ross ("Wife"), formerly Husband and Wife, are the parents to three minor children, all of whom primarily reside with Wife.  In 2012 and 2013, Boback represented Wife in

---

[*] Retired Senior Judge assigned to the Superior Court.

child and spousal support proceedings against Husband/Garnishee. On October 22, 2013, Boback filed a complaint against Wife alleging breach of contract and seeking damages in the amount of $7,483.80 for Wife's willful failure to pay legal fees.

Following a non-jury trial before the Honorable Timothy Patrick O'Reilly, the court entered a verdict in favor of Boback, for $7,483.80, plus court costs. The verdict was reduced to judgment, and, on April 1, 2014, Boback filed a praecipe for writ of execution. PNC Bank and Husband were named as garnishees.

In his written response to garnishment interrogatory number one, Husband/Garnishee admitted that he owed monthly alimony and child support payments to Wife. On April 21, 2014, Boback filed a praecipe for an unliquidated judgment against Husband based upon his admission.

On May 9, 2014, Judge O'Reilly was presented with three motions: (1) Boback's motion for a hearing to assess the amount of the unliquidated judgment by admission; (2) Wife's motion for exemption of property from levy or attachment and a demand for a sheriff's exemption hearing; and (3) Garnishee's motion to strike Boback's judgment by admission and request for attorney fees. Judge O'Reilly entered an order essentially entering judgment in Boback's favor against Husband/Garnishee for $8,000.00, directing Boback's intervention in Husband/Garnishee's and Wife's support case, and permitting Boback to receive $400.00 per month for 20 months from Husband/Garnishee's payments to Pennsylvania State Collection and

Disbursement Unit ("Pa. SCDU") until Boback's judgment was paid.[1] Husband/Garnishee filed a motion for reconsideration, which the court denied. Husband/Garnishee appealed the $8,000 garnishment judgment against him.

On April 14, 2015, this Court reversed the trial court's order. **See** **Boback v. Ross**, 114 A.3d 1042, 1046 (Pa. Super. 2015) (holding judgment creditor/Boback was not entitled to judgment by admission against Husband/Garnishee, and evidence did not support determination that judgment creditor/Boback was owed $8,000).[2] On October 30, 2015, the

_____

[1] The May 9, 2014 order states in pertinent part:

> Execution on the Judgment against Garnishee David A. Ross shall be held in abeyance so long as the Judgment is paid to Plaintiff Christopher M. Boback at the rate of Four Hundred Dollars ($400.00) per month for twenty (20) consecutive months beginning as of the date of this Order by having Plaintiff Christopher M. Boback intervene as a judgment-creditor in the case captioned as Jennifer O. Ross v. David A. Ross, Docket No. FD–12–001508–011, PACSES Case No. 440113454 (Court of Common Pleas of Allegheny County, Pennsylvania) and by having Plaintiff Christopher M. Boback added as an alternate payee to the Order of Court dated January 24, 2014 . . . so that he shall collect his Judgment in installments of $400.00 per month for 20 consecutive months from the payments collected and disbursed by the Pennsylvania State Collection and Disbursement Unit ("Pa SCDU").

Trial Court Order, 5/9/14, at ¶ 5.

[2] Specifically, this Court stated:

*(Footnote Continued Next Page)*

- 3 -

Supreme Court of Pennsylvania denied allowance of appeal. ***Boback v. Ross***, 126 A.3d 1281 (Pa. 2015).

On November 18, 2015, this Court remanded the record to the trial court. On November 23, 2015, Garnishee filed a motion with the trial court to schedule a hearing to assess attorney fees and costs pursuant to 42 Pa.C.S.A. § 2503(3).[3] The Honorable Judith A. L. Friedman held a hearing

*(Footnote Continued)* ───────────────────

> [T]he support/ alimony due Wife is not a debt that is owed to her by [Husband/]Garnishee, nor is Wife a creditor. Therefore, Boback's praecipe for judgment by admission should not have been entered against [Husband/]Garnishee. This is "consistent with the historical treatment by Pennsylvania appellate courts of anti-attachment clauses vis-à-vis a claim for support or alimony." [***Uveges v.***]***Uveges***, 103 A.3d 825, 830 [(Pa. Super. 2014)]. Moreover, we note that the court's determination that Boback was owed $8,000.00 was not based upon any evidence of record, since the court did not hold a hearing at which evidence could have been presented to establish the specific amount owed to Boback at this juncture. As for [Husband/] Garnishee's first issue, alleging an error by the DCR, it appears from the certified record that the DCR entered judgment by admission at the direction of the trial court; however, under the circumstances here, the DCR should not have entered judgment in that the monies owed Wife from [Husband/] Garnishee were dependent on possible future changes in circumstances. . . . Accordingly, we reverse the determination that Boback holds a judgment by admission against [Husband/] Garnishee. Boback is not entitled to receive $400.00 per month for 20 months from payments collected by the Pa SCDU.

***Boback***, 114 A.3d at 1046.

[3] Section 2503(3) of the Judicial Code provides:

*(Footnote Continued Next Page)*

- 4 -

on December 8, 2015. Judge Friedman determined that the amount charged was reasonable with respect to Husband/Garnishee's successful defense of the garnishment proceeding against him, including costs and fees related to the Superior Court and Supreme Court appeals. Judge Friedman entered an order on February 10, 2016, granting Garnishee's Motion for Attorney Fees, and entering judgment against Boback in the amount of $13,731.31. Boback filed this appeal, contending that Husband/Garnishee did not raise the issue of attorney fees in his appeal and, therefore, the trial court lacked jurisdiction to decide the issue.

Boback raises the following issues:

1. Whether the trial court erred as a matter of law by granting Garnishee's 2nd Motion for Attorney Fees[4] because Garnishee failed to appeal the denial of his 1st Motion for

_(Footnote Continued)_ _____

**§ 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

42 Pa.C.S.A. § 2503(3).

[4] We note that Boback refers in his issues and throughout his brief to Garnishee's "1st" and "2nd" motions for attorney fees. This confuses the issue. Although Garnishee may have included a request for counsel fees in his defense to the underlying garnishment action, there was no order disposing of that request since Garnishee was not the prevailing party.

Attorney Fees, claimed under 42 Pa.C.S. § 2503, with the entry of the trial court's final order dated May 9, 2014, and because the Superior Court of Pennsylvania did not reverse the denial of that claim for attorney fees with the entry of its final order dated April 14, 2015, and as such the Garnishee's 2nd Motion for Attorney Fees, claimed under 42 Pa.C.S. § 2503, is barred by the doctrine of res judicata?

2. Whether the trial court erred as a matter of law by granting Garnishee's 2nd Motion for Attorney Fees because the Superior Court of Pennsylvania's final order dated April 14, 2015, did not remand the record with instructions to the trial court to undertake any further proceedings for the entry of a new final order, after disposing of the appeal from the trial court's final order dated May 9, 2014, and as such the trial court lacked subject matter jurisdiction under 42 Pa.C.S. § 5505 to act upon Garnishee's 2nd Motion for Attorney Fees?

3. Whether the trial court erred as a matter of law by awarding Garnishee attorney fees and costs incurred by Garnishee during the appellate proceedings on the appeal from the trial court's final order dated May 9, 2014, because the Garnishee failed to request appellate fees and costs pursuant to Pa.R.A.P. 2744 and 2751 and the Superior Court of Pennsylvania did not order appellate fees and costs on remand of the record pursuant to Pa.R.A.P. 2761?

4. Whether the trial court erred as a matter of law by awarding the Garnishee attorney fees and costs incurred by Garnishee between April 15, 2015 and May 15, 2015 in court proceedings before the Honorable Mark V. Tranquilli in Allegheny County's Family Division in the Garnishee's domestic relations case docketed at FD-12-001508-011 because the trial court lacked subject matter jurisdiction with respect to the domestic relations proceedings?[5]

Appellant's Brief, at 6-7.

_____

[5] We will not address this claim. The trial court's order specifically stated that the awarded fees and costs "related only to the garnishment proceeding against [Garnishee]." Order, 2/10/16.

Whether the trial court had jurisdiction to entertain Husband/Garnishee's Motion for Attorney Fees under Section 2503 is a question of law. Our standard of review, therefore, is *de novo*, and our scope of review is plenary. **See Mazur v. Trinity Area School District**, 961 A.2d 96, 101 (Pa. 2008).

Boback argues that the trial court did not have jurisdiction to entertain Husband/Garnishee's Motion for Attorney Fees because Husband/Garnishee appealed only the $8,000 garnishment judgment against him. Boback claims the doctrine of res judicata precluded Judge Friedman from addressing Husband/Garnishee's motion for attorney fees. We disagree, and we are somewhat perplexed at Boback's argument. As Judge Friedman correctly notes, Husband/Garnishee had no right to "appeal" an issue that had not been decided.

The trial court in the garnishment proceeding entered judgment in favor of Boback, and thus had no basis upon which to award Husband/Garnishee attorney fees; he was not the prevailing party. **See** 42 Pa.C.S.A. § 5903(3). There was no attorney fees order for Husband/Garnishee to appeal. Husband/Garnishee's entitlement to attorney fees under section 2503(3) did not arise until he obtained judgment in his favor, on October 30, 2015. At that time, Husband/Garnishee was found to have "no indebtedness due to or other property of the debtor [Wife]." 42 Pa.C.S.A. § 2503(3). **See Miller Electric Co. v. DeWeese et al. v. Birmingham Bistro, Inc.**, 907 A.2d 1051, 1056 (Pa. 2006) (where one or

both parties appeal from judgment, the final determination as to whether garnishee "wins" an action, in the sense that he is found to have no indebtedness due, will depend on the outcome of the appeal).

A trial court's jurisdiction generally extends for thirty days after the entry of a final order. *See* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed). Here, the final order was entered in the Supreme Court on October 30, 2015; the record was remanded to the trial court on November 18, 2015, *see* Pa.R.A.P. 2572(a)(i), and Husband/Garnishee filed his motion for attorney fees on November 23, 2015. *Cf. Miller*, *supra* (where garnishee succeeds in securing a verdict in its favor, yet is subsequently denied its entitlement to attorney's fees under § 2503(3) by order of court, garnishee may appeal within 30 days of date of denial, regardless of when final judgment was entered).

Our rules of appellate procedure allow this Court to *sua sponte* impose an award of reasonable counsel fees against a party if we determine that "the appeal is wholly frivolous . . . or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. Because we conclude that this appeal lacks any basis in law or in fact, counsel fees shall be assessed by the lower court against Boback under Rule 2744. Accordingly, we affirm the trial court's order awarding

Husband/Garnishee attorney fees and costs, and we remand to the trial court for the calculation of additional reasonable counsel fees in accordance with Rule 2744.

Order affirmed. Remanded for imposition of additional attorney fees. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2017