# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                              :
        v.                    :    No. 959 C.D. 2016
                              :    Submitted: November 17, 2017
Steve A. Frempong,            :
                Appellant     :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED:  September 19, 2018**


Steve A. Frempong (Frempong) appeals from orders of the Court of Common Pleas of Philadelphia County (trial court), dated May 5, 2016.  One order amends an earlier order dated March 9, 2016, to provide that no sheriff sale will be scheduled for a property as long as payments are being made in accordance with an agreed-upon payment plan, and the other order denied as moot a motion for reconsideration filed by Frempong.  Also before the Court is the City of Philadelphia's (City) motion to quash the appeal.  We now quash the appeal due to the trial court's lack of jurisdiction to enter the orders dated May 5, 2016, and deny as moot the City's motion to quash.

Frempong is the owner of a certain property located at 7500 N. 21st Street in the City of Philadelphia (the Property).  On January 29, 2015, the City filed a Petition for Rule to Show Cause Why Property Should Not Be Sold

Free and Clear of All Liens and Encumbrances (Tax Petition), seeking approval to sell the Property at a sheriff's sale in order to satisfy liens resulting from delinquent real estate taxes. It appears that the trial court then issued the requested rule to show cause and set a hearing for May 20, 2015.[1]

On May 1, 2015, Frempong filed a motion for extraordinary relief, seeking to strike the Tax Petition. (Reproduced Record (R.R.) at 23a.) In so doing, Frempong alleged defects relating to notice and service and informed the trial court that he had filed an appeal *nunc pro tunc* with the City's Board of Revision and Taxes (BRT), challenging the underlying real estate tax liens. By order dated May 15, 2015, the trial court denied Frempong's motion and ordered the hearing to proceed as scheduled. (*Id.* at 3a.) It appears that, on May 20, 2015, the trial court continued the hearing until August 20, 2015.[2] According to the City, the trial court continued the hearing based upon Frempong's representation that he was awaiting BRT's adjudication.

On August 14, 2015, Frempong filed a second and similar motion for extraordinary relief, seeking to strike the liens underlying the Tax Petition or stay the proceedings pending issuance of BRT's adjudication. (*Id.* at 3-4a.) The trial court denied Frempong's motion and rescheduled the hearing.[3] (*Id.* at 4a.)

---

[1] Although the parties and trial court judge in his opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925 (Rule 1925 Opinion) represent that the trial court issued a rule to show cause and set a hearing date, a copy of the rule is not contained in the certified record.

[2] There is nothing in the certified record regarding the date to which the trial court rescheduled the hearing, although the parties represent the date to be August 20, 2015.

[3] There is again nothing in the certified record regarding the date to which the trial court rescheduled the hearing, although the parties represent the date to be December 3, 2015.

On November 30, 2015, Frempong filed a motion to stay the proceedings, again citing the pending adjudication from BRT. (*Id.* at 67a.) The City filed an answer to the motion, along with a memorandum of law, in which the City argued that the motion should be denied because Frempong had not filed a written response to the Tax Petition as required by Pennsylvania Rule of Civil Procedure No. 206.7. By order dated December 28, 2015, the trial court denied Frempong's motion as moot, rescheduled the hearing to February 10, 2016,[4] and allowed Frempong 20 days to file a response to the City's Tax Petition. Frempong, however, did not file a response to the Tax Petition. It is unclear what occurred regarding the hearing scheduled for February 10, 2016, but it appears that the trial court rescheduled the hearing to March 9, 2016.[5]

On March 2, 2016, Frempong filed a motion seeking clarification of the trial court's December 28, 2015 order. (*Id.* at 90a.) The certified record does not contain a transcript of the hearing that occurred on March 9, 2016, but it appears that the trial court considered Frempong's motion at the scheduled hearing. During the March 9, 2016 hearing, it appears that the City introduced evidence purporting to show that BRT had denied Frempong's appeal *nunc pro tunc*. (*See* C.R., 5/5/16 Notes of Trial (N.T.) at 18.) By order dated March 9, 2016, the trial court assessed damages in the amount of $21,584.14, plus interest and other additional penalties, charges or expenses, against the Property and decreed that the Property "shall be sold by the Sheriff without further advertisements to the highest bidder

---

[4] The order rescheduled the hearing to February 10, 2015, but it is apparent that the trial court intended to reschedule the hearing to February 10, 2016.

[5] According to the trial court judge's Rule 1925 Opinion, on February 11, 2016, the trial court rescheduled the hearing to March 10, 2016. There is nothing further in the certified record regarding the rescheduling of the hearing. It appears to this Court, however, that the hearing occurred on March 9, 2016. (*See* Certified Record (C.R.), 5/5/16 Notes of Trial (N.T.) at 40.)

clear of all subordinate liens, encumbrances, claims, mortgages, ground rents, charges and estates." (Trial court order, dated 3/9/16, at 2.) Docketed with the order is a letter from BRT to Frempong, dated February 5, 2016, informing Frempong that BRT denied his appeal *nunc pro tunc*. (C.R., Item No. 17.) Also docketed that same day is an order simply stating that "this is deemed moot." (C.R., Item No. 18.) It appears that the latter order may be a denial of Frempong's motion seeking clarification of the trial court's December 28, 2015 order.

On March 21, 2016, Frempong filed "a motion for reconsideration" of the March 9, 2016 order. (C.R., Item No. 19; R.R. at 104a.) In so doing, Frempong accused the City of fabricating the evidence introduced at the hearing, as Frempong claimed to have never received the BRT document. Frempong also appeared to challenge the underlying liens and raised service issues. By order dated March 22, 2016, the trial court took the following actions in response to the motion for reconsideration: issued on Frempong a rule to show cause why he is entitled to the relief requested and ordered the City to file an answer to Frempong's "petition" within 20 days; scheduled "argument" for May 5, 2016; and directed the parties to submit to the trial court in advance of the "hearing" any documents upon which they rely to support or contest the municipal liens underlying the March 9, 2016 order and any documents submitted to the BRT in contest or support of such liens. (C.R., Item No. 20.) The City filed an answer to the motion/petition, to which it attached the February 5, 2016 letter from BRT. (C.R., Item No. 21.)

At the hearing, the trial court addressed Frempong's arguments regarding his motion for reconsideration. (C.R., 5/5/16 N.T. at 4-5.) Prior to the discussion on the merits of Frempong's motion, the City discussed a payment plan recently entered into by the parties for Frempong's delinquent taxes. (*Id.* at 5-10.)

4

Frempong agreed to the existence and execution of the payment plan, although the parties acknowledged an error regarding the tax years identified in the agreement. (*Id.*) As to Frempong's allegation that the City produced a fraudulent document, Frempong conceded that he had since received the document. (*Id.* at 11-31.) Instead, Frempong argued that the document bore the incorrect tax years. (*Id.*) In response, the trial court informed Frempong that he would have to appeal that document through the proper channels, and the trial court would not entertain the dispute during the current hearing. (*Id.*)

Frempong also argued that the March 9, 2016 order authorized the City to sell the Property *immediately* via sheriff's sale. (*Id.*) The trial court agreed to issue an amended order stating that as long as Frempong complied with the payment plan, the Property would not be sold. Frempong also raised service issues, which the trial court rejected. (*Id.* at 56.)

On May 5, 2016, the trial court amended its March 9, 2016 order to add the following language at the end: "No Sheriff Sale to be scheduled as long as the payments are being made in accordance with the Post-Decree payment plan signed by Mr. Frempong on May 4, 2016. If any dispute over the amount, [an] appropriate petition to this Court shall be filed." (C.R., Item No. 22.) On that same day, the trial court entered an order providing that the "motion for reconsideration is MOOT. Amended ORDER/DECREE has been entered." (*Id.*)

On appeal to this Court,[6] Frempong argues that the City violated his due process rights and failed to comply with statutory notice requirements regarding

---

[6] Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *Casaday v. Clearfield Cty. Tax Claim Bureau*, 627 A.2d 257, 258 (Pa. Cmwlth. 1993).

service of the Tax Petition. Frempong also argues the tax liens do not exist or are unenforceable due to irregularities on the face of the record. The City, in addition to arguing the merits, argues that Frempong waived all issues on appeal by failing to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).[7] The City also motions this Court to quash Frempong's appeal. In so doing, the City argues that the May 5, 2016 order should be construed as a denial of Frempong's motion for reconsideration, which is not an appealable order. *See In re Merrick's Estate*, 247 A.2d 786, 787 (Pa. 1968).

Before addressing the merits of this matter, we must consider whether an appeal is properly before this Court. Pennsylvania Rule of Appellate Procedure 903(a) provides that a party may file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." A party waives the right to appeal an order if notice of the appeal is not filed within 30 days. *Koken v. Colonial Assurance Co.*, 885 A.2d 1078, 1101 (Pa. Cmwlth. 2005), *aff'd per curiam*, 893 A.2d 98 (Pa. 2006). The mere filing of a motion for reconsideration does not act as a stay of the appeal period. *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993). Rather, unless a trial court "expressly grants reconsideration," the deadline to file an appeal is not tolled. *See King v. Riverwatch Condo. Owners Ass'n*, 27 A.3d 276, 277

---

[7] Pa. R.A.P. 1925(b) provides, in part, that a "judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." It further "sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, *when so ordered*." *Cmwlth. v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). The "failure to comply with the minimal requirements of Pa. R.A.P. 1925(b) will result in automatic waiver of the issues raised," even where granting relief has equitable appeal. *Cmwlth. v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). Here, the record is devoid of an order directing Frempong to file a statement of errors complained of on appeal. Thus, Frempong cannot be deemed to have waived issues as a result of not filing a statement of errors complained of on appeal.

n.2 (Pa. Cmwlth. 2011), *appeal denied*, 50 A.3d 693 (Pa. 2012) (emphasis added); *see also* Pa. R.A.P. 1701(b)(3) (setting forth requirement that trial court order expressly grant reconsideration within time period for filing appeal).[8]  As in this case, where a motion for reconsideration is filed within the appeal period but is not granted within that period, the trial court loses jurisdiction to act on the motion for reconsideration and the original order.  *See City of Phila. Police Dep't v. Civil Serv. Comm'n of the City of Phila.*, 702 A.2d 878, 880 (Pa. Cmwlth. 1997).  This is because, pursuant to Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505, "[a] trial court's jurisdiction generally extends for [30] days after the entry of a final order . . . .  After the 30[-]day time period, the trial court is divested of jurisdiction." *Ness v. York Twp. Bd. of Comm'rs*, 123 A.3d 1166, 1169 (Pa. Cmwlth. 2015)

---

[8] Pa. R.A.P. 1701(b)(3) provides, in part:

(b) Authority of a trial court or agency after appeal.  After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. . . .

7

(quoting *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003), *overruled in part on other grounds by Miller Elec. Co. v. DeWeese*, 907 A.2d 1051 (Pa. 2006)). The trial court then "lacks authority to award additional relief." *Id.* Moreover, "[t]his 30-day limitation is jurisdictional and cannot be waived by the parties." *Maurice A. Nernberg & Assocs. v. Coyne*, 920 A.2d 967, 970 n.7 (Pa. Cmwlth. 2007).

The Superior Court explained in *Cheathem v. Temple University Hospital*, 743 A.2d 518 (Pa. Super. 1999):

> There is only one way for the trial court to toll or stay the appeal statute and thus to "retain control" once a petition for reconsideration has been filed. As stated in the Rules of Appellate Procedure, the 30-day period may only be tolled if that court enters an order "expressly granting" reconsideration within 30 days of the final order. There is no exception to this Rule, which identifies the only form of stay allowed. A customary order and rule to show cause fixing a briefing schedule and/or hearing date, or any other order except for one "expressly granting" reconsideration, is inadequate.

*Cheathem*, 743 A.2d at 520-21 (citations omitted).

Here, Frempong did not appeal the trial court's March 9, 2016 order within the 30-day time period for filing an appeal. Furthermore, the trial court did not expressly grant reconsideration of its March 9, 2016 order within that 30-day time period. The trial court, therefore, lacked jurisdiction to act on the motion for reconsideration and March 9, 2016 order subsequent to the expiration of the appeal period. The fact that the trial court scheduled argument and a hearing on Frempong's motion for reconsideration for a date almost two months after the trial court's entry of the March 9, 2016 order does not affect our analysis, as the trial court lacked the authority to extend its own jurisdiction in that manner. *See id.*; *see also In re Greist*,

8

636 A.2d 193 (Pa. Super. 1994) (issuance of rule to show cause setting forth briefing schedule and hearing date did not toll time period in which to appeal).

Accordingly, we quash Frempong's appeal because the trial court lacked jurisdiction to enter the orders dated May 5, 2016, and we deny as moot the City's motion to quash, which is based on other grounds.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

City of Philadelphia            :
                               :
          v.                :    No. 959 C.D. 2016
                               :
Steve A. Frempong,       :
               Appellant   :

## **O R D E R**

AND NOW, this 19th day of September, 2018, Appellant Steve A. Frempong's appeal is QUASHED because the Court of Common Pleas of Philadelphia County lacked jurisdiction to enter the orders dated May 5, 2016, and the City of Philadelphia's motion to quash, which is based on other grounds, is DENIED AS MOOT.

_____
P. KEVIN BROBSON, Judge